Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-5070

John S. Goetz / goetz@fr.com (*pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
7 Times Square (Times Square Tower)
20th Floor
New York, NY 10036
Telephone: 212-765-5070

Matthew A. Colvin / colvin@fr.com (*pro hac vice* forthcoming)
Adil A. Shaikh / shaikh@fr.com (*pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: 214-747-5070

*Additional counsel listed on signature page*

Attorneys for Plaintiff
CARBON AUTONOMOUS ROBOTIC SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| LAUDANDO & ASSOCIATES LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

1.      Plaintiff Carbon Autonomous Robotic Systems Inc. ("Carbon") brings this case to protect its revolutionary new products, which allow farmers around the world to eliminate weeds from their crops efficiently and completely without harmful chemicals—by shooting them with lasers—and thus provide clean, untainted, healthy food to humanity.

2.      Carbon was founded in 2018 by Mr. Paul Mikesell.  After having successfully launched and sold several high-tech companies in the distributed computing and data storage industry, Mr. Mikesell looked to apply his experience in robotics, AI/deep learning, computer vision, and optics to other industries.  He quickly identified a critical gap in the rate at which technological innovations were reaching the agricultural sector, particularly those that could significantly improve productivity and reduce manual labor, while at the same time eliminating the need to treat crops with harmful chemicals or otherwise damage crops through the ancient process of pulling weeds manually.  Mr. Mikesell also recognized that solving these problems would not only make the food we eat (and that is fed to the livestock we eat) healthier, but also make agricultural production more efficient, ensuring that humanity has enough to eat while the global population explodes.  So, he set to work.

3.      The result was Carbon's commercial LaserWeeder product, which uses numerous pioneering techniques to identify, weed, and thin vegetable crops using lasers with millimeter accuracy.  Carbon's revolutionary LaserWeeder is the first commercially successful product to use AI-powered robotics—specifically the combination of computer vision, AI/deep learning, and robotics—to target and shoot weeds and other unwanted plants with lasers.  As such, Carbon's technology eliminates (1) the need to use herbicides and other dangerous chemicals in traditional farming, (2) unnecessary tilling for regenerative farming, and (3) the need for weeding crews, among other benefits.

4.      The Carbon LaserWeeder technology uses sophisticated AI/deep learning—trained on over 8 million (and counting) labeled crop and weed image objects—that delineate between individual weeds and crops in order to eliminate only the weeds (or other unwanted plants, for purposes of thinning), all in real-time onboard a moving platform.  Carbon's initial LaserWeeder

product was launched in 2022—after several years of intensive research and development—and has been used by farmers throughout the United States, Europe, Canada, and Australia.

5.     Carbon's innovations are protected by a robust family of patents and patent applications, including the patents asserted in this case.

6.     Defendant Laudando & Associates LLC ("L&A") is a Carbon competitor based in Chico, California, which has been making, using, and offering to sell (and potentially selling) laser-weeding products that infringe Carbon's patents.  As such, Carbon brings this case to stop these infringing activities and to set the record straight about which company is responsible for the coming revolution in agricultural crop management and the associated efficient production of healthy, safe food for the entire world.

## NATURE OF THE ACTION

7.     This action is an action for patent infringement under 35 U.S.C. § 1 *et seq*. whereupon Carbon alleges that L&A infringes United States Patent Nos. 12,108,752 ("the '752 Patent") and 12,127,547 ("the '547 Patent") (collectively, the "Patents-in-Suit"). True and correct copies of the of the Patents-in-Suit are attached as **Exhibits A and B**, respectively.

## THE PARTIES

8.     Carbon is a Delaware corporation with its principal place of business at 807 Aurora Ave N., Seattle WA 98109.

9.     On information and belief, L&A is a California corporation with its principal place of business at 297 Convair Ave. Ste 4, Chico, CA 95973.

## JURISDICTION AND VENUE

10.     This action arises under the Patent Law of the United States, 35 U.S.C. § 1 *et seq*., including §§ 271, 281, 283, 284, and 285.

11.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     L&A is subject to this Court's personal jurisdiction as it was established and exists as a California corporation under the laws of the State of California.

13.   L&A makes, uses, offers to sell (and potentially sells) one or more products styled as its L&Aser weeder ("Accused Product") in the State of California.

14.   For example, a video posted by L&A on YouTube shows the Accused Product in operation in L&A's "R&D plot in Chico, CA." A true and correct copy of a screenshot of the YouTube video and its description (https://www.youtube.com/watch?v=lhLTZzoQgJ0) is attached as **Exhibit C**.

15.   Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), because, on information and belief, L&A has committed acts within this district giving rise to this action and does business in this district (including using, selling, offering for sale, and providing service and support for its customers) where it maintains a regular and established place of business.

## **FACTS**

16.   The '752 patent, titled "Autonomous Laser Weed Eradication," was duly and legally issued by the United States Patent and Trademark Office on October 8, 2024. Each and every claim of the '752 Patent is valid and enforceable. A true and correct copy of the '752 Patent is attached as **Exhibit A**.

17.   Carbon is the assignee and owner of all right, title, and interest in and to the '752 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

18.   The '547 patent, titled "Autonomous Laser Weed Eradication," was duly and legally issued by the United States Patent and Trademark Office on October 29, 2024. Each and every claim of the '547 Patent is valid and enforceable. A true and correct copy of the '547 Patent is attached as **Exhibit B**.

19.   Carbon is the assignee and owner of all right, title, and interest in and to the '547 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

20.   On information and belief, L&A is a Californian agriculture technology development firm. *See* **Exhibits D** and **E**. One of L&A's products is the L&Aser weeder (*see* **Exhibits F** and **G**), which is the Accused Product in this case. In a recent interview on October 22, 2024, L&A's founder, Christopher Laudando, discussed L&A's strategic plans, emphasizing the Accused Product

as their first product set for market release.  *See* https://podcasts.apple. com/us/podcast/374-contrarian-thinking-in-agtech-robotics-with-chris/id1344108573?i=1000673 997343   at  13:24-13:55.

21.     L&A first announced the Accused Product at the FIRA Robotics & Autonomous Farming Solutions Conference in Salinas, California on September 19, 2023. *See* **Exhibit H**; **I**; **J**; *see, also*, **Exhibit K**.  The Accused Product is described in an L&A marketing flyer as the "first purpose-built laser for weeding & thinning crops":



*See* **Exhibit G**.  But the Accused Product is not the first such product.  Carbon's LaserWeeder is.

22.     On information and belief, the Accused Product is an embodiment of L&A's U.S. Patent Application No. 18/457,151 ("the '151 application"), which published as U.S. Publication No. 2023/0397597 ("the '597 publication").  A true and correct copy of the '597 publication is attached as **Exhibit L**.   That document describes L&A's "methods and apparatuses for targeting and damaging plants." **Exhibit L** at [0002].

23.     The '151 application was filed *after* the effective filing date of the Patents-in-Suit, making clear that Carbon's innovative technology came first.

24.     L&A knew about Carbon's innovative technology and patents, and continues to have knowledge of Carbon's improvements to the same. For example, Christopher Laudando, L&A's founder and President, has repeatedly mentioned Carbon's technology and patents on his LinkedIn page:





*See* **Exhibits M at 1; N**.

25.     In fact, Mr. Laudando knew that "Carbon was the first to slap commercially available lasers onto a massive toolbar to weed crops and achieve some scale":





*See* **Exhibit M at 2-4**.

## COUNT I - INFRINGEMENT OF THE '752 PATENT

26.    Carbon incorporates herein by reference the allegations found in paragraphs 1-25 above.

27.    L&A has been and is now directly infringing the '752 Patent in violation of 35 U.S.C. § 271(a) at least by making, using, selling, offering or sale, and/or importing into the United States, the Accused Product, which practices one or more claims of the '752 Patent, including at least claim 1.

28.    Claim 1 of the '752 Patent recites (brackets added):

[1.pre] A targeting system for autonomous weed eradication comprising:

[1.a] a first camera configured to image a surface;

[1.b] an emitter configured to emit a beam toward the surface; and

[1.c] a computing system in communication with the first camera and the emitter, the computing system capable of performing operations comprising:

[1.d] receiving, from the first camera, an image of the surface, the image comprising a weed on the surface,

[1.e] identifying a region in the image that includes the weed,

[1.f] determining a target location of the weed based on the identified region in the image,

[1.g] aligning an optical path of the beam based on the target location of the weed, and causing the emitter to emit the beam toward the weed when at least part of the optical path is aligned with the target location of the weed,

[1.h] wherein emitting the beam towards the weed kills or damages the weed.

29.    L&A has committed infringing acts without authorization, consent, permission, or a license from Carbon.

30.    On information and belief, L&A has been and is now indirectly infringing the '752 Patent in violation of 35 U.S.C. § 271(b) at least by inducing its customers to purchase the Accused

Product and/or by instructing, encouraging, implementing, and/or directing others how to use the Accused Product in ways that directly infringe the '752 Patent, including claim 1, through its educational and promotional materials, support activities, as well as its service and consulting activities.

31.     L&A's infringement is either literal or under the doctrine of equivalents.

32.     L&A will continue to infringe the '752 Patent, causing irreparable harm to Carbon for which there is no adequate remedy at law unless enjoined by this Court.  L&A's infringement has caused and continues to cause irreparable harm to Carbon in the form of loss of business opportunities, lost sales, loss of market share, loss of goodwill, and the loss of Carbon's exclusive right to practice its inventions.

33.     As a result of L&A's infringement of the '752 Patent, Carbon has suffered and is owed no less than a reasonable royalty under 35 U.S.C. § 284 as a remedy.

34.     The Accused Product provides a targeting system for autonomous weed eradication, in a manner that satisfies element [1.pre] of the '752 Patent.  For example, L&A describes its L&Aser Module as a "purpose-built laser for weeding & thinning crops." **Exhibit F**. By way of further example, L&A's website shows photographs of L&A's targeting system for autonomous weed eradication:



*See* **Exhibit F.**  The L&A website also includes the following depictions of L&Aser embodiments:

1
2
3
4
5
6
7
8



9   **Exhibit F.**

10      35.     By way of further example, L&A's LinkedIn page explains that it has built "a laser

11  specifically designed for weeding crops" and can cover "1/6th the width of other laser weeding tech":

 

22  **Exhibits O** and **P.**

23      36.     The Accused Product provides a first camera configured to image a surface, in a

24  manner that satisfies element [1.a] of the '752 Patent.   For example, L&A's L&Aser Module

25  marketing flyer shows a first camera configured to image a surface:

26
27
28

*See* **Exhibit G.**

37.     By way of further example, the same flyer shows that the Accused Product includes a "2.35 MP RGB 8mm @ 126 FPS" imaging component that corresponds to the first camera configured to image a surface.

| Specifications | |
|---|---|
| Compute | NVIDIA Jetson Orin AGX 32Gb |
| Module Status Display | 240 x 280 Full-Color |
| USB | 1x USB 3.0 |
| Networking/Multi-Module Link | 2x Gigabit Ethernet (10/100/1000) |
| Wireless Connectivity | 2.4gHz Wifi, Bluetooth 5.0 |
| Local Storage | 1x NVMe M.2 Key M Slots |
| M12 Multi-Use Port | 1*CAN,1*RS232, 1*RS485, 2*I2C, 2*UART, 2*GPIO, 2*SPI |
| Input Power | 48VDC @ 19A |
| Operating Temperature | -25°C to 65°C |
| Toolbar/Robot Mounting | Flange Mount w/4X M10 pin holes |
| IP Rating | IP65 |
| Weight | 55lbs |
| 3D Depth Mapping | 160 x 60 ToF @ 50FPS |
| Imaging | 2.35MP RGB 8mm @ 126FPS |
| Lighting | External Lighting Trigger via M12 |
| Laser Working Area | 14˝ x 15.5˝ |
| Laser Power Output | 235W |
| Integrated Safety | Key Switch Disconnect, Optical Shutter Failsafe, Dedicated Safety Circuit & Controller |
| Cooling | 500W/Module Required (External). Integrated liquid Cooling Loop w/10mm (3/8˝) 1X Female/1X Male Quick Disconnects |

*See id.*

38.     By way of further example, the '597 publication explains that the Accused Product includes "a target sensor 262 (one example of a detector 120, which may be *a camera, such as a RGB camera*)." **Exhibit L** at [0099] (emphasis added).  That document states that the "target sensor . . . includes object/target detection and tracking, gathers information (for example, *image*

9          Case No.
Complaint for Patent Infringement

1   *information*) from its field of view." *Id*. (emphasis added).  It further explains that the "[t]ypical

2   target sensors 262 *are cameras* that output image information in frames, typically at a frame rate

3   that is from 15 to 30 frames per second (fps)." **Exhibit L** at [0100] (emphasis added).

4         39.   The Accused Product includes an emitter configured to emit a beam toward the

5   surface, in a manner that satisfies element [1.b] of the '752 Patent.  For example, L&A's L&Aser

6   Module marketing flyer describes a laser source, driver, and scanner that correspond to the emitter

7   that is configured to emit a beam toward the surface.



**Proprietary Hardware**

| Laser Source | Proprietary L&Aser™ Cube w/Integrated Optics (Diode Type, 4XXnm Blue) |
| Laser Driver | Proprietary L&Aser™ Pulsed Current Controlled, High Voltage (100V) Laser Driver |
| Laser Scanner | Proprietary L&Aser™ High Moments of Inertia Scanning Galvanometer |
| Scanner Driver | Proprietary L&Aser™ High Frequency Closed-Loop Controller (1kHz Command, >50kHz PID, <35ms Settling Time) |

Patent Pending

12   *See* **Exhibit G**.

13         40.   By way of further example, L&A's YouTube page videos show examples of its

14   emitter configured to emit a beam towards the surface:

15       •  https://www.youtube.com/watch?v=FZD0-sKT-1o;

16       •  https://www.youtube.com/watch?v=6FQ1w0dsFQY

17       •  https://www.youtube.com/watch?v=2DzehwoQk-A   (showing   the   L&Aser

18           module emitting a beam towards a surface).

19         41.   By way of further example, the '597 publication explains that "one or more"

20   "stressors may be produced by one or more *energy emitters*." **Exhibit L** at [0008] (emphasis added).

21   The "one or more energy emitters" include "high intensity light, high brightness light, laser light,

22   laser radiation, energy beams that may include high and low intensity regions, heat." *Id*. at [0009].

23   The one or more "energy emitters," include "for example, a laser 130C." *Id*. at [0058].

24         42.   The Accused Product provides a computing system in communication with the first

25   camera and the emitter, in a manner that satisfies element [1.c] of the '752 Patent.  For example,

26   L&A's L&Aser Module marketing flyer shows that it uses a NVIDIA Jetson Orin AGX 32Gb for a

27   computer. **Exhibit G**.

28

43.     As another example, the '597 publication explains that the "[t]arget tracking system 260 includes a target sensor 262 (one example of a detector 120, which may be a camera, such as a RGB camera) and a processor 264, which may be physically and/or wirelessly connected to one another." **Exhibit L** at [0099].  The "processor 264" (computing system) is in communication with the "target sensor 262" and the "light directing system 230." *Id*.  It "outputs information (via wired and/or wireless pathways) related to the location of targets to the light directing system 230, which in turn directs the light toward desired targets." *Id*.

44.     The Accused Product is capable of performing the operation of receiving, from the first camera, an image of the surface, the image comprising a weed on the surface, in a manner that satisfies element [1.d] of the '752 Patent.  For example, L&A's LinkedIn page post shows the Accused Product receiving images of the surface, where the image is comprised of a weed on the surface.



*See* **Exhibit Q**.

45.     By way of further example, the '597 publication explains that the "target sensor 262, which typically includes object/target detection and tracking, gathers information (for example, image information) from its field of view, which may be larger than the target field 290, and outputs information to the processor 264." **Exhibit L** at [0099]. The "target tracking system" is "configured to identify and track the target biological material." *Id*. at [0200].

46. The Accused Product is capable of performing the operation of identifying a region in the image that includes the weed, in a manner that satisfies element [1.e] of the '752 Patent. For example, L&A's YouTube page's video demonstrates the Accused Product identifying a region of the image that includes the weed.



*See* https://www.youtube.com/watch?v=fDNzB2ZNIVY at 00:53.

47. By way of further example, the '597 publication explains that the "target tracking system configured to identify and track the target biological material." **Exhibit L** at [0200]. It further explains that the identified region may be "an area (or zone)" or "a point." *Id*. at [0105].

48. The Accused Product is capable of performing the operation of determining a target location of the weed based on the identified region in the image, in a manner that and satisfies element [1.f] of the '752 Patent. For example, L&A's YouTube page's video demonstrates determining a target location of the weed based on the identified region in the image:



*See* https://www.youtube.com/watch?v=fDNzB2ZNIVY at 00:53.

Case No.
Complaint for Patent Infringement

49.     By way of further example, the '597 publication explains that a "target sensor 262, which typically includes object/target detection and tracking, gathers information (for example, image information) from its field of view." **Exhibit L** at [0099].  The "location of a target plant 293 may be determined by a target plant detector" as "an area (or zone)" or "the stem as viewed from the cultivator 200 or a point." *Id*. at [0105].

50.     The Accused Product is capable of performing the operation of aligning an optical path of the beam based on the target location of the weed, and causing the emitter to emit the beam toward the weed when at least part of the optical path is aligned with the target location of the weed, in a manner that satisfies element [1.g] of the '752 Patent.  For example, L&A's YouTube page's video demonstrates causing the emitter to emit the beam toward the weed when at least part of the optical path is aligned with the target location of the weed:

 

*See* https://www.youtube.com/watch?v=FZD0-sKT-1o at 00:13-1:28.



*See* https://www.youtube.com/watch?v=zYuRb0wHkoI.

51.     As another example, L&A's LinkedIn page provides an image of the L&Aser module where two galvo mirrors are shown that direct the optical path of the laser to the weed.



**Exhibit R (annotations added).**

52.     By way of further example, the '597 publication explains that the system includes "one or more radiation source energy emitters that emit radiation (for example, light and/or heat) toward the plant, and an aiming device (such as an electromechanical aiming device, a sight or a scope) to direct the stressor (for example, radiation) toward the plant." **Exhibit L** at [0008].

53.     The Accused Product is capable of performing the operation of emitting the beam towards the weed, which kills or damages the weed, in a manner that satisfies element [1h] of the '752 Patent.  For example, L&A's YouTube page's video demonstrates emitting a beam towards a weed, killing or damaging the weed.

 

https://www.youtube.com/watch?v=2DzehwoQk-A at 00:05-00:12. In addition, the same YouTube video description explains that the system "completely eliminates the weed" by targeting the beam at the meristem.



*Id*.

54.    By way of further example, the '597 publication explains that the "aiming device aims the energy emanating from the energy generator 130 at a leaf of an undesirable plant and in some embodiments the aiming device aims the energy emanating from the energy generator 130 at the stem (and/or the terminal bud) of an undesirable plant." **Exhibit L** at [0053].  The "one or more light sources (laser diodes 212) generate wavelengths in ranges intended to damage biological material (for example, plants) as described above." *Id*. at [0071].

55.    Accordingly, the Accused Product infringes at least claim 1 of the '752 Patent.

56.    Additionally, on information and belief L&A has been aware of the '752 Patent since it issued and continues to infringe, making L&A's infringement willful.

## COUNT II - INFRINGEMENT OF THE '547 PATENT

57.    Carbon incorporates herein by reference the allegations found in paragraphs 1–56 above.

1      58.     On information and belief, L&A has been and is now directly infringing the '547

2   Patent in violation of 35 U.S.C. § 271(a) at least by making, using, selling, offering or sale, and/or

3   importing into the United States, the Accused Product, which practices one or more claims of the

4   '547 Patent, including at least claim 1.

5      59.     Claim 1 of the '547 Patent recites (brackets added):

6               [1.pre] A targeting system for autonomous weed eradication comprising:

7               [1.a] a first camera configured to image a surface;

8               [1.b] an emitter configured to emit a beam toward the surface; and

9               [1.c] a computing system in communication with the first camera and the

10              emitter, the computing system configured to perform operations

11              comprising:

12              [1.d] receiving, from the first camera, a first image of the surface, the first

13              image comprising a weed on the surface,

14              [1.e] identifying a region in the first image that includes the weed,

15              [1.f] projecting a target location of the weed on the surface based on the

16              identified region in the first image,

17              [1.g] aligning an optical path of the emitter with the projected target

18              location of the weed,

19              [1.h] correcting the target location based on a motion of the first camera

20              relative to the surface, and

21              [1.i] causing the emitter to emit the beam toward the weed when the optical

22              path is aligned with the weed.

23     60.     L&A has committed infringing acts without authorization, consent, permission or a

24   license from Carbon.

25     61.     On information and belief, L&A has been and is now indirectly infringing the '547

26   Patent in violation of 35 U.S.C. § 271(b) at least by inducing its customers to purchase the Accused

27   Product and/or by instructing, encouraging, implementing, and/or directing others how to use the

28   Accused Product in ways that directly infringe the '547 Patent, including claim 1, through its

1    educational and promotional materials, support activities, as well as its service and consulting

2    activities.

3          62.    L&A's infringement is either literal or under the doctrine of equivalents.

4          63.    L&A will continue to infringe the '547 Patent, causing irreparable harm to Carbon

5    for which there is no adequate remedy at law unless enjoined by this Court.  L&A's infringement

6    has caused and continues to cause irreparable harm to Carbon in the form of loss of business

7    opportunities, lost sales, loss of market share, loss of goodwill and the loss of Carbon's exclusive

8    right to practice its inventions.

9          64.    As a result of L&A's infringement of the '547 Patent, Carbon has suffered and is

10   owed no less than a reasonable royalty under 35 U.S.C. § 284 as a remedy.

11         65.    On information and belief, the Accused Product provides a targeting system for

12   autonomous weed eradication, in a manner that satisfies element [1.pre] of the '547 Patent.  For

13   example, L&A describes its L&Aser Module as a "first purpose-built laser for weeding & thinning

14   crops." **Exhibit F**.  Further evidence concerning this element can be seen in Paragraphs 34–35

15   above.

16         66.    The Accused Product provides a first camera configured to image a surface, in a

17   manner that satisfies element [1.a] of the '547 Patent.  Further evidence concerning this element can

18   be seen in Paragraphs 36–38 above.

19         67.    The Accused Product provides an emitter configured to emit a beam toward the

20   surface, in a manner that satisfies element [1.b] of the '547 Patent.  Further evidence concerning this

21   element can be seen in Paragraphs 39–41 above.

22         68.    The Accused Product provides a computing system in communication with the first

23   camera and the emitter, the computing system, in a manner that satisfies element [1.c] of the '547

24   Patent.  Further evidence concerning this element can be seen in Paragraphs 42–43 above.

25         69.    The Accused Product is configured to perform the operation of receiving, from the

26   first camera, a first image of the surface, the first image comprising a weed on the surface, in a

27   manner that satisfies element [1.d] of the '547 Patent.  Further evidence concerning this element can

28   be seen in Paragraphs 44–45 above.

70.     The Accused Product is configured to perform the operation of identifying a region in the first image that includes the weed, in a manner that satisfies element [1.e] of the '547 Patent. Further evidence concerning this element can be seen in Paragraphs 46–47 above.

71.     The Accused Product is configured to perform the operation of projecting a target location of the weed on the surface based on the identified region in the first image, in a manner that satisfies element [1.f] of the '547 Patent. Further evidence concerning this element can be seen in Paragraphs 48–49 above.

72.     The Accused Product is configured to perform the operation of aligning an optical path of the emitter with the projected target location of the weed, in a manner that satisfies element [1.g] of the '547 Patent. Further evidence concerning this element can be seen in Paragraphs 50–52 above.

73.     The Accused Product is configured to perform the operation of correcting the target location based on a motion of the first camera relative to the surface, in a manner that satisfies element [1.h] of the '547 Patent. For example, the '597 publication explains that L&A's system may "*predict where a target will be* between frames when there is no target location information being supplied, which allows for use of target sensors with slower frame rates. **Exhibit L** at [0100] (italic emphasis added). "To predict where the target will be in between frames of the target sensor 262, embodiments utilize target velocity sensors to track the speed of the targets and/or the speed of the ground as the cultivator 200 moves." *Id*. The document further describes the use of optical "tracking systems (similar to how an optical mouse for a computer tracks motion) to determine ground speed, while further embodiments utilize a wheel placed on the ground, while still further embodiments utilize navigational aids such as the Global Positioning System (GPS)." *Id*.

74.     The Accused Product is configured to perform the operation of causing the emitter to emit the beam toward the weed when the optical path is aligned with the weed, in a manner that satisfies element [1.i] of the '547 Patent. Further evidence concerning this element can be seen in Paragraphs 53–54 above.

75.     Accordingly, the Accused Product infringes at least claim 1 of the '547 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Carbon respectfully requests that this Court enter judgment in its favor and grant the following relief:

a)   a judgment that L&A has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b)   a permanent injunction against L&A and its respective officers, directors, agents, branches, subsidiaries, parents, partners, and any others active in concert with L&A from further infringement of the Patents-in-Suit;

c)   a judgment and order requiring L&A to pay Carbon damages for past infringement under 35 U.S.C. § 284, including any damages arising from any continuing post-verdict infringement between the time of the trial and entry of the final judgment with an accounting, as needed;

d)   a judgment and order requiring L&A to pay Carbon pre-judgment and post-judgment interest on any damages award;

e)   a judgment and order that L&A's infringement of the Patents-in-Suit be found willful and that the Court award treble damages pursuant to 35 U.S.C. § 284;

f)   a judgment that this case is exceptional under 35 U.S.C. § 285 and an order the L&A pay Carbon its attorneys' fees incurred in prosecuting this action;

g)   a judgment and order requiring L&A to pay Carbons' costs and expenses incurred in this action; and

h)   any further relief, including equitable relief, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury of any issues so triable by right.

Case No.
Complaint for Patent Infringement

Dated:  October 31, 2024

Respectfully Submitted,

*/s/ Juanita R. Brooks*

Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-5070

John S. Goetz / goetz@fr.com
*(pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
7 Times Square (Times Square Tower)
20th Floor
New York, NY 10036
Telephone: 212-765-5070

Matthew A. Colvin / colvin@fr.com
*(pro hac vice* forthcoming)
Adil A. Shaikh / shaikh@fr.com
*(pro hac vice* forthcoming)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: 214-747-5070

Rodeen Talebi (CA SBN 320392) / talebi@fr.com
FISH & RICHARDSON P.C.
500 Arguello St Suite 400
Redwood City, CA 94063
Telephone: 949-623-7640

Attorneys for Plaintiff
CARBON AUTONOMOUS ROBOTIC
SYSTEMS INC.