Ryan Iwahashi (CA SBN 284766)
ryan@gishpllc.com
**GISH PLLC**
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: 415-630-2000

Andrew D. Gish (*pro hac vice*)
andrew@gishpllc.com
Joel C. Lin (CA SBN 280679)
joel.lin@gishpllc.com
Michael M. Powell (*pro hac vice*)
michael@gishpllc.com
**GISH PLLC**
41 Madison Avenue, Floor 31
New York, NY 10010
Telephone: 212-518-730

*Attorneys for Laudando & Associates, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**CARBON AUTONOMOUS ROBOTIC SYSTEMS, INC.**,

Plaintiff,

v.

**LAUDANDO & ASSOCIATES, LLC**,

Defendant.

---

**LAUDANDO & ASSOCIATES, LLC**,

Counterclaim-Plaintiff,

v.

**CARBON AUTONOMOUS ROBOTIC SYSTEMS, INC.**

Counterclaim-Defendant.

Case No. 2:24-cv-03012-DAD-JDP

**ANSWER TO COMPLAINT AND COUNTERCLAIMS**

JURY TRIAL DEMANDED

Defendant Laudando & Associates, LLC ("Defendant" or "L&A") respectfully submits this Answer and Counterclaims ("Answer") in response to the Complaint (Dkt. No. 1) filed by Plaintiff Carbon Autonomous Robotic Systems, Inc. ("Plaintiff" or "Carbon"). To the extent that any allegations in Carbon's Complaint are not specifically admitted below, L&A denies them.

## **INTRODUCTION[1]**

1. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

2. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

3. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

4. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

5. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

6. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

## **NATURE OF THE ACTION**

7. L&A admits that this action purportedly arises under the Patent Act of the United States, 35 U.S.C. § 1, *et seq*. L&A admits that Exhibits A and B of the Complaint appear to be true and correct copies of U.S. Patent Nos. 12,108,752 ("the '752 patent") and 12,127,547 ("the '547

[1] The headers reflect the language used by Carbon in its Complaint and are repeated herein for convenience. L&A's use of the same language in the Complaint is not an admission as to the headers' veracity.

patent"), respectively. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

**THE PARTIES**

8. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

9. L&A admits that it is a California limited liability company with a principal address at 297 Convair Ave, Ste. 4, Chico, CA 95973.

**JURISDICTION AND VENUE**

10. L&A admits that this action purportedly arises under the Patent Act of the United States, 35 U.S.C. § 1, *et seq*. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

11. The allegations of this paragraph of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations is required, L&A denies the allegations of this paragraph of the Complaint.

12. The allegations of this paragraph of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations is required, L&A denies the allegations of this paragraph of the Complaint.

13. L&A denies the allegations of this paragraph of the Complaint.

14. L&A admits that the link provided in paragraph 14 of the Complaint is a link to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint

15. The allegations of this paragraph of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations is required, L&A denies the allegations of this paragraph of the Complaint.

**FACTS**

16. L&A admits that Exhibit A of the Complaint appears to be a copy of the '752 patent. L&A admits that the '752 patent is titled "Autonomous Laser Weed Eradication." L&A admits that the '752 patent was issued on October 8, 2024. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

17. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

18. L&A admits that Exhibit B of the Complaint appears to be a copy of the '547 patent. L&A admits that the '547 patent is titled "Autonomous Laser Weed Eradication." L&A admits that the '547 patent was issued on October 29, 2024. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

19. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

20. L&A admits that it is a company that researches and develops agricultural technology, including the L&Aser™ Module. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

21. L&A admits that Exhibit G of the Complaint states in part "first purpose-built laser for weeding & thinning crops." L&A admits that Exhibit G of the Complaint appears to include a copy of the image contained in paragraph 21 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

22. L&A admits that U.S. Patent Application No. 18/457,151 ("the '151 application") was published as U.S. Patent Publication No. 2023/0397597 ("the '597 publication"). L&A admits Exhibit L of the Complaint appears to be a copy of the '597 publication. L&A admits that paragraph [0002] of the '597 publication contains the phrase "methods and apparatuses for

targeting and damaging plants." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

23. L&A lacks information sufficient to form a belief as to the allegations of this paragraph of the Complaint, and on that basis denies them.

24. L&A admits that Exhibits M and N of the Complaint appear to include copies of the images contained in paragraph 24 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

25. L&A admits that Exhibit M of the Complaint appears to include copies of the images contained in paragraph 25 of Carbon's Complaint. L&A admits that Exhibit M of the Complaint states in part "Carbon was first to slap commercially available lasers onto a massive toolbar to weed crops and achieve some scale." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

**<u>COUNT I – INFRINGEMENT OF THE '752 PATENT</u>**

26. No response is required to Carbon's reference and incorporation of the prior paragraphs. To the extent a response is required, L&A repeats and incorporates by reference its responses to the prior paragraphs as if fully set forth herein.

27. L&A denies the allegations of this paragraph of the Complaint.

28. L&A admits that claim 1 of the '752 patent recites:

1. A targeting system for autonomous weed eradication comprising:

a first camera configured to image a surface;

an emitter configured to emit a beam toward the surface; and

a computing system in communication with the first camera and the emitter, the computing system capable of performing operations comprising:

receiving, from the first camera, an image of the surface, the image comprising a weed on the surface,

identifying a region in the image that includes the weed,

determining a target location of the weed based on the identified region in the image,

aligning an optical path of the beam based on the target location of the weed, and

causing the emitter to emit the beam toward the weed when at least part of the optical path is aligned with the target location of the weed, wherein emitting the beam towards the weed kills or damages the weed.

Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

Carbon's Allegations:

29. L&A denies the allegations of this paragraph of the Complaint.

30. L&A denies the allegations of this paragraph of the Complaint.

31. L&A denies the allegations of this paragraph of the Complaint.

32. L&A denies the allegations of this paragraph of the Complaint.

33. L&A denies the allegations of this paragraph of the Complaint.

34. L&A admits that Exhibit F of the Complaint states in part "purpose-built laser for weeding & thinning crops." L&A admits that Exhibit F of the Complaint appears to include copies of the images contained in paragraph 34 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

35. L&A admits that Exhibit O of the Complaint states in part "a laser specifically designed for weeding crops. L&A admits that Exhibit P of the Complaint states in part "1/6th the width of the other laser weeding tech." L&A admits that Exhibits O and P of the Complaint appear to include copies of the images contained in paragraph 34 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

36. L&A admits that Exhibit G of the Complaint appears to include a copy of the image contained in paragraph 36 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

37. L&A admits that Exhibit G of the Complaint states in part "2.35MP RGB 8mm @ 126FPS." L&A admits that Exhibit G appears of the Complaint to include a copy of the image contained in paragraph 37 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

38. L&A admits that paragraph [0099] of the '597 publication recites in part "target sensor 262 (one example of a detector 120, which may be a camera, such as a RGB camera)" and "[t]he target sensor 262, which typically includes object/target detection and tracking, gathers information (for example, image information) from its field of view." L&A admits that paragraph [0100] of the '597 publication recites in part "[t]ypical target sensors 262 are cameras that output image information in frames, typically at a frame rate that is from 15 to 30 frames per second (fps)." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

39. L&A admits that Exhibit G of the Complaint appears to include a copy of the image contained in paragraph 39 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

40. L&A admits that the links provided in paragraph 40 of the Complaint are links to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

41. L&A admits that paragraph [0009] of the '597 publication recites: "One or more of the following stressors may be produced by one or more energy emitters: high intensity light, high brightness light, laser light, laser radiation, energy beams that may include high and low intensity regions, heat, and mechanical stress (for example, air movement or air pressure waves (for example, soundwaves))." L&A admits that paragraph [0058] recites in part "a spatially varying beam 140C (for example, high light intensity) generated by an energy emitter 130C (for example,

a laser 130C)." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

42. L&A admits that Exhibit G of the Complaint states "NVIDIA Jetson Orin AGX 32Gb" under Specifications. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

43. L&A admits that paragraph [0099] of the '597 publication recites in part "[t]arget tracking system 260 includes a target sensor 262 (one example of a detector 120, which may be a camera, such as a RGB camera) and a processor 264, which may be physically and/or wirelessly connected to one another" and "[t]he processor 264 outputs information (via wired and/or wireless pathways) related to the location of targets to the light directing system 230, which in turn directs the light toward desired targets." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

44. L&A admits that Exhibit Q of the Complaint appears to include a copy of the image contained in paragraph 44 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

45. L&A admits that paragraph [0099] of the '597 publication recites in part "[t]he target sensor 262, which typically includes object/target detection and tracking, gathers information (for example, image information) from its field of view, which may be larger than the target field 290, and outputs information to the processor 264." L&A admits that paragraph [0200] of the '597 publication recites: "A target tracking system configured to identify and track the target biological material." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

46. L&A admits that the link provided in paragraph 46 of the Complaint is a link to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

47. L&A admits that paragraph [0200] of the '597 publication recites: "A target tracking system configured to identify and track the target biological material." L&A admits that paragraph [0105] of the '597 publication recites in part "while the location of a target plant 293 may be determined by a target plant detector, such as detector 120, to be an area (or zone)" and "in some embodiments the location of a target plant 293 is determined to be an area much smaller than the size of the plant as viewed from the cultivator 200, such as the size the stem as viewed from the cultivator 200 or a point." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

48. L&A admits that the link provided in paragraph 48 of the Complaint is a link to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

49. L&A admits that paragraph [0099] of the '597 publication recites in part "[t]he target sensor 262, which typically includes object/target detection and tracking, gathers information (for example, image information) from its field of view." L&A admits that paragraph [0105] of the '597 publication recites in part "in some embodiments the location of a target plant 293 is determined to be an area much smaller than the size of the plant as viewed from the cultivator 200, such as the size the stem as viewed from the cultivator 200 or a point." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

50. L&A admits that the links provided in paragraph 50 of the Complaint are links to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

51. L&A admits that Exhibit R of the Complaint appears to include an unannotated copy of the image contained in paragraph 51 of Carbon's Complaint. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

52. L&A admits that paragraph [0008] of the '597 publication recites in part "[s]till other embodiments can include one or more radiation source energy emitters that emit radiation (for

example, light and/or heat) toward the plant." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

53. L&A admits that the links provided in paragraph 53 of the Complaint are links to L&A's YouTube page. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

54. L&A admits that paragraph [0053] of the '597 publication recites in part "aiming device aims the energy emanating from the energy generator 130 at a leaf of an undesirable plant and in some embodiments the aiming device aims the energy emanating from the energy generator 130 at the stem (and/or the terminal bud) of an undesirable plant." L&A admits that paragraph [0071] of the '597 publication recites in part "[t]he one or more light sources (laser diodes 212) generate wavelengths in ranges intended to damage biological material (for example, plants) as described above." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

55. L&A denies the allegations of this paragraph of the Complaint.

56. L&A denies the allegations of this paragraph of the Complaint.

## COUNT II – INFRINGEMENT OF THE '547 PATENT

57. No response is required to Carbon's reference and incorporation of the prior paragraphs. To the extent a response is required, L&A repeats and incorporates by reference its responses to the prior paragraphs as if fully set forth herein.

58. L&A denies the allegations of this paragraph of the Complaint.

59. L&A admits that claim 1 of the '547 patent recites:

1. A targeting system for autonomous weed eradication comprising:

a first camera configured to image a surface;

an emitter configured to emit a beam toward the surface;

an actuator configured to direct an optical path of the beam; and

a computing system in communication with the first camera and the emitter, the computing system capable of performing operations comprising:

receiving, from the first camera, a first image of the surface, the first image comprising a weed on the surface,

identifying a region in the first image that includes the weed,

determining a target location of the weed on the surface based on the identified region in the first image,

aligning the optical path of the beam based on the target location of the weed by adjusting a position of the actuator,

correcting the target location based on a motion of the first camera relative to the surface,

causing the emitter to emit the beam toward the weed when at least part of the optical path is aligned with the target location of the weed, and

causing the emitter to deactivate the beam after a length of time sufficient to damage or kill the weed.

Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

60. L&A denies the allegations of this paragraph of the Complaint.

61. L&A denies the allegations of this paragraph of the Complaint.

62. L&A denies the allegations of this paragraph of the Complaint.

63. L&A denies the allegations of this paragraph of the Complaint.

64. L&A denies the allegations of this paragraph of the Complaint.

65. L&A admits that Exhibit F of the Complaint states in part "first purpose-built laser for weeding & thinning crops." Paragraph 65 of Carbon's Complaint refers to paragraphs 34-35 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior

paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

66. Paragraph 66 of Carbon's Complaint refers to paragraphs 36-38 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

67. Paragraph 67 of Carbon's Complaint refers to paragraphs 39-41 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

68. Paragraph 68 of Carbon's Complaint refers to paragraphs 42-43 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

69. Paragraph 69 of Carbon's Complaint refers to paragraphs 44-45 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

70. Paragraph 70 of Carbon's Complaint refers to paragraphs 46-47 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

71. Paragraph 71 of Carbon's Complaint refers to paragraphs 48-49 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

72. Paragraph 72 of Carbon's Complaint refers to paragraphs 50-52 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

73. L&A admits that paragraph [0100] of the '597 publication recites in part "embodiments of the cultivator 200 predict where a target will be between frames when there is no target location information being supplied, which allows for use of target sensors with slower frame rates"; "[t]o predict where the target will be in between frames of the target sensor 262, embodiments utilize target velocity sensors to track the speed of the targets and/or the speed of the ground as the cultivator 200 moves"; and "[s]ome embodiments utilize optical tracking systems (similar to how an optical mouse for a computer tracks motion) to determine ground speed, while further embodiments utilize a wheel placed on the ground, while still further embodiments utilize navigational aids such as the Global Positioning System (GPS)." Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

74. Paragraph 74 of Carbon's Complaint refers to paragraphs 53-54 of the Complaint. L&A, thus, repeats and incorporates by reference its responses to those prior paragraphs as if fully set forth herein. Except as expressly admitted, L&A denies the allegations of this paragraph of the Complaint.

75. L&A denies the allegations of this paragraph of the Complaint.

## PRAYER FOR RELIEF

L&A denies that Carbon is entitled to any relief whatsoever from L&A or this Court, either as requested in the Complaint or otherwise. To the extent that Carbon's prayer for relief includes any factual or legal allegations, L&A denies such allegations.

**JURY DEMAND**

L&A joins Carbon's demand for a jury trial on all issues triable by right of jury.

**DEFENSES**

Subject to its above responses, L&A hereby asserts the following affirmative defenses without assuming any burden of proof or persuasion on any issue, whether in whole or in part, where such burden(s) would otherwise be borne by Carbon. L&A expressly reserves the right to assert additional defenses that become known during the course of the litigation.

**First Defense**
(Failure to State a Claim)

With respect to each purported claim for relief alleged in the Complaint, Carbon fails to allege facts sufficient to state a claim against L&A upon which relief may be granted.

**Second Defense**
(Lack of Standing)

Carbon lacks standing to bring its claims.

**Third Defense**
(No Patent Infringement)

L&A has not infringed any claim of the asserted patents, directly or indirectly, literally or under the doctrine of equivalents.

**Fourth Defense**
(Patent Invalidity/Unenforceability)

Each asserted claim of the asserted patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability and subject-matter eligibility under the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 282.

**Fifth Defense**
(Prosecution History Estoppel)

Carbon is estopped from construing any valid claim of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, any of the accused instrumentalities because of statements made to the U.S. Patent and Trademark Office during the prosecution of the applications which led to the issuance of the asserted patents.

**Sixth Defense**
(Reverse Doctrine of Equivalents)

The instrumentalities accused of patent infringement operate and/or are configured in ways substantially different in principle from the purported invention(s) described in the asserted patents, and Carbon cannot sustain its burden of proving otherwise.

**Seventh Defense**
(Equitable Defenses)

Carbon's claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, acquiescence, and/or unclean hands.

**Eighth Defense**
(Limitation on Damages)

Carbon's claims for damages, if any, against L&A for alleged infringement of the asserted patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**Ninth Defense**
(No Attorneys' Fees or Costs)

Carbon is precluded from recovering costs under 35 U.S.C. § 288 and attorneys' fees under 35 U.S.C. § 285 or pursuant to this Court's inherent power.

**Tenth Defense**
(No Willfulness)

L&A has not engaged in any conduct that constitutes willful infringement or that would

otherwise entitle Carbon to an award of enhanced damages under 35 U.S.C. § 284. L&A does not, did not, and could not believe that it infringes any valid and enforceable claim of the asserted patents either literally or under the doctrine of equivalents.

**Eleventh Defense**
(No Injunctive Relief)

Carbon's claims for injunctive relief are barred because there exists an adequate remedy at law for Carbon's allegations and Carbon's claims otherwise fail to meet the requirements for such relief.

**Reservation of Rights**

L&A hereby gives notice that it intends to rely upon any other defense that may become available or come to light in this case, and hereby reserves the right to amend this Answer to assert any such defense.

**L&A's Demand for Relief on Carbon's Claims**

L&A respectfully requests the following relief:

a. a judgment in favor of L&A, and against Carbon, on all of Carbon's claims against L&A, with Carbon being awarded no relief of any kind, including, but not limited to, its request for damages and injunctive relief;

b. an order finding that this is an exceptional case and awarding L&A its costs, expenses, disbursements, and reasonable attorneys' fees in defending against Carbon's claims under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

c. such other relief, in law or equity, as this Court deems just and proper.

**LAUDANDO & ASSOCIATES, LLC'S COUNTERCLAIMS**

1. Counterclaim-Plaintiff Laudando & Associates, LLC ("Counterclaim-Plaintiff" or "L&A"), by and through its undersigned attorneys, hereby submits these Counterclaims against

Counterclaim-Defendant Carbon Autonomous Robotic Systems, Inc. ("Counterclaim-Defendant" or "Carbon").

2. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, L&A seeks a declaration that all claims of U.S. Patent Nos. 12,108,752 ("the '752 patent") and 12,127,547 ("the '547 patent") asserted by Carbon in this action ("the Asserted Claims") are invalid and not infringed (collectively, "the Patent Counterclaims").

**THE PARTIES**

3. L&A is a California limited liability company with a principal address at 297 Convair Ave, Ste. 4, Chico, CA 95973.

4. Carbon is a Delaware corporation with its principal place of business at 807 Aurora Ave N., Seattle, WA 98109.

**JURISDICTION AND VENUE**

5. These counterclaims arise under the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

6. The Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

7. This Court has personal jurisdiction over Carbon at least because it has subjected itself to the jurisdiction of this Court in this case by filing the Complaint.

8. Venue in this judicial district for L&A's Counterclaims is proper at least because Carbon has consented to this venue by asserting claims of patent infringement here against L&A.

**BACKGROUND**

9. Carbon has filed suit against L&A asserting infringement of certain claims of the '752 and '547 patents.

10. L&A has denied that it infringes or has infringed any Asserted Claim.

11. L&A has further contested the validity and enforceability of the Asserted Claims.

12. Based on the foregoing, there is an actual, immediate, and justiciable controversy between Carbon and L&A as to the infringement, validity, and enforceability of the Asserted Claims.

**COUNT I – NON-INFRINGEMENT OF THE '752 PATENT**

13. L&A incorporates by reference all preceding and succeeding paragraphs of L&A's Answer and these Counterclaims.

14. Carbon has asserted infringement of at least claim 1 of the '752 patent.

15. L&A has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any Asserted Claim of the '752 patent that is valid and enforceable, and is not liable for such infringement.

16. L&A is therefore entitled to a declaration that it has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any Asserted Claim of the '752 patent that is valid and enforceable, and is not liable for such infringement.

**COUNT II – INVALIDITY OF THE '752 PATENT**

17. L&A incorporates by reference all preceding and succeeding paragraphs of L&A's Answer and these Counterclaims.

18. Carbon has asserted infringement of at least claim 1 of the '752 patent.

19. The Asserted Claims of the '752 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity, including obviousness-type double-patenting. L&A is therefore entitled to a declaration as to the foregoing.

**COUNT III – NON-INFRINGEMENT OF THE '547 PATENT**

20. L&A incorporates by reference all preceding and succeeding paragraphs of L&A's Answer and these Counterclaims.

21. Carbon has asserted infringement of at least claim 1 of the '547 patent.

22. L&A has not infringed, directly or indirectly, literally or under the doctrine of

equivalents, any Asserted Claim of the '547 patent that is valid and enforceable, and is not liable for such infringement.

23. L&A is therefore entitled to a declaration that it has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any Asserted Claim of the '547 patent that is valid and enforceable, and is not liable for such infringement.

**COUNT IV – INVALIDITY OF THE '547 PATENT**

24. L&A incorporates by reference all preceding and succeeding paragraphs of L&A's Answer and these Counterclaims.

25. Carbon has asserted infringement of at least claim 1 of the '547 patent.

26. The Asserted Claims of the '547 patent are invalid for failing to satisfy at least Sections 101, 102, 103, and/or 112 of the Patent Act, and/or any judicially created doctrine of invalidity, including obviousness-type double-patenting. L&A is therefore entitled to a declaration as to the foregoing.

**DEMAND FOR JURY TRIAL**

L&A requests a trial by jury of all issues that may be properly tried by a jury, and gives notice of its reliance on Carbon's payment of the statutory fee.

**PRAYER FOR RELIEF**

WHEREFORE, L&A prays that the Court enter judgment in its favor and against Carbon as follows:

A. Denying all relief requested by Carbon in the Complaint;
B. Declaring that L&A has not, does not, and will not infringe any valid or enforceable Asserted Claim;
C. Declaring that the Asserted Claims are invalid;
D. Granting L&A judgment in its favor on the Complaint;
E. Denying any request for injunctive relief by Carbon;
F. Denying any request for monetary damages by Carbon;

G. Finding that this case is exceptional under 35 U.S.C. § 285, and awarding L&A its costs and reasonable attorneys' fees; and

H. Awarding any other relief in law or equity as the Court may deem just and proper.

Dated: January 6, 2025

Respectfully Submitted,

*/s/ Joel C. Lin*

Ryan Iwahashi (CA SBN 284766)
ryan@gishpllc.com
**GISH PLLC**
50 California Street, Suite 1500
San Francisco, CA 94111
Telephone: 415-630-2000

Andrew D. Gish (*pro hac vice*)
andrew@gishpllc.com
Joel C. Lin (CA SBN 280679)
joel.lin@gishpllc.com
Michael M. Powell (*pro hac vice*)
michael@gishpllc.com
**GISH PLLC**
41 Madison Avenue, Floor 31
New York, NY 10010
Telephone: 212-518-2000

*Attorneys for Laudando & Associates, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 6, 2025, to all counsel of record who are deemed to have consented to electric service via the Court's CM/ECF system. Any other counsel of record will be served by electronic email and regular mail.

Dated: January 6, 2025

Respectfully Submitted,

*/s/ Joel C. Lin*

Joel C. Lin (CA SBN 280679)
joel.lin@gishpllc.com
**GISH PLLC**
41 Madison Avenue, Floor 31
New York, NY 10010
Telephone: 212-518-2000