Audrey A. Millemann (SBN 124954)
amillemann@weintraub.com
**WEINTRAUB TOBIN CHEDIAK COLEMAN**
  **GRODIN LAW CORPORATION**
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Phone: (916) 558-6000

*Attorneys for Plaintiff and Counterclaim-Defendant*
*Carbon Autonomous Robotic Systems Inc.*

Ryan Iwahashi (SBN 284766)
ryan@gishpllc.com
**GISH P.L.L.C.**
50 California Street, Suite 1500
San Francisco, CA 94111
Phone: (415) 630-2000

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Laudando & Associates, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. <br><hr> LAUDANDO & ASSOCIATES LLC, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counterclaim-Defendant. | CASE NO. 2:24-cv-03012-DAD-JDP <br><br> **STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA 95814

Plaintiff and Counterclaim-Defendant Carbon Autonomous Robotic Systems Inc. ("Plaintiff" or "Carbon") and Defendant and Counterclaim-Plaintiff Laudando & Associates LLC ("Defendant" or "L&A") anticipate that documents, testimony, and information containing or reflecting confidential, proprietary, trade secret, and commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## 1.    <u>LIMITATIONS</u>

The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good-faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.    <u>DEFINITIONS</u>

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with this case, including discovery or Rule 26(a) disclosures.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1      (c)     "Party" means any party to this case, including all of its officers, directors,

2   employees, consultants, retained experts, and outside counsel and their support staffs.

3      (d)     "Producing Party" means any Party or non-party that discloses or produces any

4   Discovery Material in this case.

5      (e)     "Protected Material" means any Discovery Material that is designated as

6   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL

7   – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.

8   Protected Material shall not include materials that show on their face they have been disseminated

9   to the public.

10     (f)     "Receiving Party" means any Party who receives Discovery Material from a

11  Producing Party.

12     (g)     "Source Code" means computer code, scripts, assembly, binaries, object code,

13  source code listings (*e.g.*, file names and path structure), descriptions of source code (*e.g.*,

14  descriptions of declarations, functions, and parameters), object code listings and descriptions of

15  object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that

16  describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files

17  that describe the hardware design of any component, as well as any and all notes, annotations, and

18  other comments of any type related thereto and accompanying the code. For the avoidance of

19  doubt, this includes source files, make files, module definition files, map files, object files, linker

20  files, browse info files, and debug files.

21     (h)     "Patents-in-Suit" means U.S. Patent Nos. 12,108,752 and 12,127,547, and any

22  other patents that are, or may become, the subject of any claim or counterclaim in this litigation by

23  any Party.

24

25

26

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING      **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS      400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP      Sacramento, CA  95814

(i)      "Computer Vision-Assisted Laser Weeding Technology" means any software, hardware, or source code used by Carbon's LaserWeeder™, L&A's L&Aser module, and similar products and applications that use cameras, artificial intelligence, and lasers to identify and thin or eradicate plants and weeds.

**3.      COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**4.      SCOPE**

(a)      The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, notes, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.      DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1   otherwise directs. This Order shall be binding upon the Parties and their attorneys, successors,

2   executors, personal representatives, administrators, heirs, legal representatives, assignees,

3   subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all

4   other persons or organizations over which the Parties have control.

5   **6.**   **ACCESS TO AND USE OF PROTECTED MATERIAL**

6          (a)   <u>Basic Principles</u>. All Protected Material shall be used solely for this case and any

7   related appellate proceeding, and not for any other purpose whatsoever, including without

8   limitation patent prosecution or acquisition, patent reexamination or reissue proceedings, or any

9   business or competitive purpose or function. Protected Material shall not be distributed, disclosed

10  or made available to anyone except as expressly provided in this Order.

11         (b)   <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any

12  person who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be

14  personally involved, directly or indirectly, in prosecuting, amending, advising on patent

15  applications, specifications, or claims—or preparing responses to office actions related to such

16  applications, specifications, or claims—directed to Computer Vision-Assisted Laser Weeding

17  Technology before any foreign or domestic agency, including the United States Patent and

18  Trademark Office. These prohibitions are not intended to and shall not preclude counsel from

19  participating in proceedings other than the present litigation challenging the validity of any patent,

20  and are not intended to preclude counsel from participating, directly or indirectly, in

21  reexamination, *inter partes review*, post-grant review, reissue proceedings, or any other post-grant

22  proceedings on behalf of a party, so long as Protected Material is not used for any purpose in those

23  proceedings, and so long as counsel is not involved, directly or indirectly, in amending or advising

24  on amendments to patent claims in those proceedings. These prohibitions shall begin when the

25  affected individual accesses any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

26

27

28

---

4

1   "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials in this action,

2   and shall end two (2) years after the final resolution of this action, including all appeals.

3         (c)    <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving

4   Party at a location in the United States and in a secure manner that ensures that access is limited to

5   the persons authorized under this Order.

6         (d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall

7   be construed to prevent counsel from advising their clients with respect to this case based in whole

8   or in part upon Protected Materials, provided counsel does not disclose the Protected Material

9   itself except as provided in this Order.

10        (e)    <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use

11  or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use

12  or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known

13  through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving

14  Party independent of the Producing Party; (iii) previously produced, disclosed or provided by the

15  Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and

16  not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to

17  order of the Court.

18  **7.    <u>DESIGNATING PROTECTED MATERIAL</u>**

19        (a)    <u>Available Designations</u>. Any Producing Party may designate Discovery Material

20  with any of the following designations, provided that it meets the requirements for such

21  designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS'

22  EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE

23  CODE."

24        (b)    <u>Written Discovery and Documents and Tangible Things</u>. Written discovery,

25  documents (which include "electronically stored information," as that phrase is used in Federal

26  Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality

27

28

5

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING     **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS     400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP     Sacramento, CA  95814

designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)  <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

(d)  <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within 21 days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed, at which point the testimony shall be treated as non-confidential. Any Party that wishes to disclose the transcript, or information

6

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1  contained therein, shall provide written notice of its intent to treat the transcript as non-

2  confidential, after which time, any Party that wants to maintain any portion of the transcript as

3  confidential must designate the confidential portions within 14 days, or else the transcript shall be

4  treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall

5  remain subject to the provisions of this Protective Order, along with the transcript pages of the

6  deposition testimony dealing with such Protected Material. In such cases, the court reporter shall

7  be informed of this Protective Order and shall be required to operate in a manner consistent with

8  this Protective Order. In the event the deposition is videotaped, the original and all copies of the

9  videotape shall be marked by the video technician to indicate that the contents of the videotape are

10  subject to this Protective Order, substantially along the lines of "This videotape contains

11  confidential testimony used in this case and is not to be viewed or the contents thereof to be

12  displayed or revealed except pursuant to the terms of the operative Protective Order in this matter

13  or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the

14  right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter

15  and videographer (if any), any person who is not authorized by this Protective Order to receive or

16  access Protected Material based on the designation of such Protected Material. Such right of

17  exclusion shall be applicable only during periods of examination or testimony regarding such

18  Protected Material.

19  **8.    <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>**

20      (a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it

21  contains or reflects confidential, proprietary, or commercially sensitive information.

22      (b)    Unless otherwise ordered by the Court, Discovery Material designated as

23  "CONFIDENTIAL" may be disclosed only to the following:

24          (i)    The Receiving Party's Outside Counsel, such counsel's immediate

25              paralegals and staff, and any copying or clerical litigation support services

26              working at the direction of such counsel, paralegals, and staff;

27

28

7

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

(ii)    Not more than two (2) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, to whom disclosure is reasonably necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

8

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

## 9.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer,

9

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)  Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)  The Court, jury, and court personnel;

(v)  Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)  Any other person with the prior written consent of the Producing Party.

(c)  In addition, a Party may disclose arguments and excerpted materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

**10.  DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

(a)  To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code ("Source Code Material").

(b)  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)  Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 12 below, solely to:

(i)  The Receiving Party's Outside Counsel and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)  Any outside expert or consultant of the Receiving Party (i.e., not existing employees, principals, managers, members, inventors of the patent in suit, or an affiliate of a Party) retained for the purposes of assisting with this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (b) such expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party; and (c) no unresolved objections to such

11

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1                disclosure exist after proper notice has been given to all Parties as set forth

2                in Paragraph 12 below;

3       (iii)    Court reporters, stenographers and videographers retained to record

4                testimony taken in this action;

5       (iv)    The Court, jury, and court personnel;

6       (v)    Any mediator who is assigned to hear this matter, and his or her staff,

7                subject to their agreement to maintain confidentiality to the same degree as

8                required by this Protective Order; and

9       (vi)    Any other person with the prior written consent of the Producing Party.

10  **11.**      <u>**DISCLOSURE AND REVIEW OF SOURCE CODE**</u>

11       (a)    Access to a Party's Source Code Material shall be provided only on "standalone,"

12  secured computer(s) (i.e., the computer may not be linked to any network, including a local area

13  network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code

14  Computer will be made available for inspection by the Producing Party. The Source Code

15  Computer(s) shall not be connected to a printer; the Receiving Party may make requests to the

16  Producing Party to print Source Code Material subject to the limits and solely for the limited

17  purposes permitted pursuant to Paragraph 11(h) below. The Source Code Computer(s) shall be

18  loaded with source code review tools that the Receiving Party requests be loaded on the Source

19  Code Computer(s) to assist in review of the Source Code Material, if requested by the Receiving

20  Party with sufficient notice (at least 7 days) and the request is not unduly burdensome. The

21  Receiving Party shall pay any licenses and costs associated with source code review tools, and

22  shall provide any instructions for installing the review tools on the Source Code Computer. It

23  should be noted that the tools for reviewing Source Code Material may not be used to circumvent

24  the protections of this Protective Order in any way. Moreover, in no event shall tools be installed

25  on the Source Code Computer(s) that have the effect of altering, modifying, deleting, copying,

26  compiling, de-compiling, assembling, or otherwise permitting the reproduction or removal of such

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING    **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS    400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP    Sacramento, CA  95814

1    Source Code Material. If the Parties are unable to agree on requested source code review tools to

2    be loaded on the Source Code Computer(s), they may seek an order from the Court after making a

3    good-faith effort to resolve their dispute.

4       (b)  Before the first inspection of Source Code Material, the Requesting Party shall

5    provide the Producing Party, in writing, with 30 days' notice of its desire to inspect Source Code

6    Material. The Producing Party will make a good-faith effort to accommodate the requested

7    inspection of Source Code Material on the requested date of first inspection. The Parties shall

8    thereafter make every reasonable effort to accommodate requests to inspect Source Code Material,

9    and generally agree that the Requesting Party shall provide 5 business days written notice prior to

10    any inspection.

11       (c)  Except as provided in Paragraph 11(m) below, the Source Code Computer(s) may

12    only be located in a secured room ("Source Code Room") at the offices of the Producing Party's

13    lead Outside Counsel or at some other mutually agreeable location. The Producing Party may not

14    use a video camera or other recording device to visually monitor the Source Code Room. The

15    Producing Party may not physically enter the Source Code Room when the Receiving Party is

16    present, without the Receiving Party's consent. However, the foregoing is not intended to restrict

17    in any way the Producing Party's ability or right to otherwise ensure that the Source Code

18    Material remains secure and the Source Code Computer has not been tampered with, and that the

19    provisions of this Order have not been violated through any visual monitoring means.

20       (d)  During its review, the Receiving Party shall not take, copy, or remove any portion

21    of the Source Code Material onto any recordable media or recordable device. The Receiving Party

22    is prohibited from bringing outside electronic devices, including but not limited to laptops, thumb

23    drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, or other

24    hardware into the secure room. Nor shall any cellular telephones, smartphones, personal digital

25    assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, dictaphones, or other devices

26    be permitted inside the Source Code Room. The Receiving Party shall be entitled to take

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING   **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS   400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP   Sacramento, CA  95814

1    handwritten notes relating to the Source Code but may not copy entire lines or commands of the

2    Source Code into the notes. All notes related to the Source Code shall be treated by the Receiving

3    Party as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE."

4           (e)      Prior to the first day of inspection of any requested Source Code Material, the

5    Receiving Party shall provide 30 days' notice of the Source Code Material that it wishes to inspect

6    and the number of days it intends to spend inspecting. The Receiving Party may be required by the

7    Producing Party to sign in and sign out upon entering and exiting the Source Code Room. The

8    Receiving Party shall provide 5 business days' notice prior to any subsequent inspection. When

9    requesting inspection of a Party's Source Code Material, the Receiving Party shall identify all

10   persons who will inspect the Producing Party's Source Code Material on behalf of a Receiving

11   Party, including members of a Receiving Party's Outside Counsel. The Receiving Party shall

12   make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to

13   normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m.

14   local time on normal business days (i.e., weekdays that are not Federal or state holidays). The

15   Parties shall cooperate in good faith such that maintaining the Producing Party's Source Code

16   Material at the offices of its Outside Counsel (or at some other mutually agreeable location) shall

17   not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the

18   prosecution or defense of this action.

19          (f)      Access to Source Code Material shall be limited to persons listed above under

20   Paragraphs 10(c). A Receiving Party may only, to the extent necessary, include excerpts of Source

21   Code Material in a pleading, exhibit, expert report, discovery document, or other court document

22   ("Source Code Document"), provided that the Source Code Documents are appropriately marked

23   under this Order, restricted to those who are entitled to have access to them as specified herein,

24   and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and

25   orders.

26

27

28

14

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1        (g)     To the extent portions of Source Code Material are quoted in a Source Code

2  Document, either (1) the entire Source Code Document will be stamped and treated as

3  "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" or (2) those

4  pages containing quoted Source Code Material will be separately stamped and treated as

5  "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE."

6        (h)     Except as provided herein, no person shall copy, email, transmit, upload, download,

7  print, photograph or otherwise duplicate any portion of the designated Source Code Material. The

8  Receiving Party may copy limited portions of the Source Code Material when reasonably

9  necessary to include in court filings or pleadings or other papers (including a testifying expert's

10  report). The Receiving Party shall request to print only such limited portions of the Source Code

11  Materials and shall not request paper copies for the purpose of reviewing Source Code Material in

12  the first instance. The Producing Party shall Bates number, copy and label "CONFIDENTIAL –

13  OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" any pages requested to be printed

14  by the Receiving Party, and return them to the Receiving Party within 10 business days of a

15  request to print unless objected to. If the Producing Party objects based on a good-faith belief that

16  the printed portions are not reasonably necessary to any case preparation activity as described

17  above, the Producing Party shall make such objection known to the Receiving Party within 7

18  business days of the Receiving Party's request for printing. If, after meeting and conferring, the

19  Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall

20  have 5 business days to seek the Court's assistance in accordance with the Court's procedures for

21  resolving discovery disputes to resolve whether or not the printed Source Code Materials in

22  question is reasonably necessary to any case preparation activity. The Producing Party may

23  request, and the Receiving party will not oppose, that such Court resolution be addressed on an

24  expedited basis. The burden shall be on the Receiving Party to demonstrate that such requested

25  portions are no more than is reasonably necessary for a permitted purpose and not merely

26  requested for the purposes of review and analysis elsewhere. In no event may the Receiving Party

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING       **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS       400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP       Sacramento, CA  95814

request that more than 35 consecutive pages, or an aggregate total of more than 250 pages, of Source Code Material be printed during the duration of the case without prior written approval by the Producing Party or the Court's approval. The Receiving Party will bear the burden of showing good cause for why these limits should not be applied. Printed Source Code Materials will only be produced after the resolution of any objection.

(i)      Printed Source Code Material shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" and shall continue to be treated as such. Printed Source Code Material must be maintained as a hard-copy printout in paper form. The Receiving Party may request up to 3 additional hard copies for use as working copies by the Receiving Party's authorized Outside Counsel or experts.

(j)      The Receiving Party shall maintain a log of all copies of the Source Code Material. The log shall include the names of the recipients of all copies, the locations where the copies are stored, and the dates the recipients received the copies and shall be recorded at the time of receipt. The Receiving Party shall provide a copy of this log to the Producing Party within 5 business days of a Producing Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause).

(k)      If the Receiving Party's authorized Outside Counsel or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel or experts keep the printouts or photocopies in a secured, locked area in the offices of such Outside Counsel or Expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition). Source Code Material, in whatever form, including as an excerpt

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1    or in a Source Code Document, shall not be transmitted (e.g., by email) or taken outside the

2    territorial United States without the express written consent of the Producing Party.

3        (l)     All authorized persons who will review a Producing Party's Source Code Material

4    on behalf of a Receiving Party shall be identified in writing to the Producing Party at least 15 days

5    in advance of the first time that such person intends to review such Source Code Material. The

6    information required in the disclosure procedure outlined in Paragraph 12 shall be served on the

7    Producing Party at least 15 days in advance of the first time that such person intends to review

8    such Source Code Material.

9        (m)    A Producing Party's Source Code Material (including to the extent included in a

10   Source Code Document) may only be transported by the Receiving Party at the direction of a

11   person authorized to have access under this Order to another person so authorized, on paper via

12   hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be

13   transported or transmitted electronically over a network of any kind, including a LAN, an intranet,

14   or the Internet. Source Code Material may only be transported electronically for the purpose of

15   Court proceeding(s) or deposition(s) as set forth in Paragraph 11(n) below and is at all times

16   subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code

17   Materials may be loaded onto a standalone computer. The Source Code Material may not be

18   reviewed in public, including on airplanes, trains or other public transportation that would create a

19   risk of unauthorized viewing of the material.

20       (n)     Depositions(s) of representative(s) of the Producing Party regarding the structure,

21   function, and operation of the Source Code Material, or the author(s) of any such Source Code

22   Material, shall take place at the offices of the Producing Party's Outside Counsel or at some other

23   mutually agreeable location. During such depositions, the Producing Party shall, if requested,

24   make a laptop available that contains only the "CONFIDENTIAL – OUTSIDE ATTORNEY'S

25   EYES ONLY – SOURCE CODE" that was previously produced for inspection and review under

26   this paragraph. The laptop shall contain the necessary software tools in order to allow the deponent

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING        **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS        400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP        Sacramento, CA 95814

1  to view the Source Code Material. The noticing Party shall make the request for the above-

2  mentioned laptop in its Notice of Deposition. All Notices of Depositions containing this request

3  shall provide for at least 20 days' notice in advance of the deposition date. Only persons

4  previously authorized to review "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY –

5  SOURCE CODE" may sit in on the above described depositions.

6      (o)    In the event that any question is asked at a deposition with respect to which a party

7  asserts that the answer requires the disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEY'S

8  EYES ONLY – SOURCE CODE," the question shall be answered to the extent that the witness is

9  authorized under this Order to view such material or with the consent of the Producing Party. Prior

10 to answering, all persons present shall be advised of this Order by the party making the

11 confidentiality assertion and, in the case of information designated as "CONFIDENTIAL –

12 OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" at the request of such party, all

13 persons who are not allowed to obtain such information pursuant to this Order, other than the

14 witness, shall leave the room during the time in which this information is disclosed or discussed.

15     (p)    Court reporters and videographers shall not retain or be given copies of any

16 portions of Source Code Material, all of which shall be maintained by deposing counsel under the

17 secure conditions required herein. If any portion of Source Code Material or Source Code

18 Document is used during a deposition, the deposition record will identify the exhibit containing

19 any Source Code Material by its production numbers only, and the entire deposition transcript

20 shall be deemed designated "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY –

21 SOURCE CODE" until further specifically designated in accordance with this Order. To the

22 extent any portion of Source Code Material is quoted in any document or transcript such as a

23 Source Code Document, either the entire document or transcript will be stamped and treated as

24 "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" or at least

25 those pages containing any Source Code Material will be separately bound, designated, and treated

26 as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE."

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING          **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS                 400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP                                Sacramento, CA  95814

(q)    Any expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" shall not use any portion of the disclosed Source Code Material to perform software development work, directly or indirectly, for any purposes outside the context of this litigation, unless the disclosed software that was accessed by the expert was already known to the expert or in the public domain. This shall not preclude such experts from consulting in future litigation, so long as such consulting does not rely on Protected Material that the expert would not otherwise have access to in future litigation.

## 12.    NOTICE OF DISCLOSURE

(a)    A Party that seeks to disclose to an expert or consultant any information or item that has been designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," must first notify, in writing (including via email), the Producing Party of its intent to make such a disclosure. The notification shall include a copy of the expert or consultant's current curriculum vitae, an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto), and must identify:

(i)    The person's full name;

(ii)   The city and state of the person's primary residence;

(iii)  The person's current employer(s) and title (along with a job description);

(iv)   Each person or entity from whom the expert has received compensation for work in his or her area of expertise or to whom the expert has provided professional services in his or her area of expertise at any time during the preceding 4 years and a brief description of the work performed;

(v)    Any legal action (by name and number of the case, filing date, and court) in connection with which the expert has provided any professional services in his or her area of expertise during the preceding 4 years; and

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1      (vi) Any previous or current contractual relationship with any of the Parties.

2   (b) The Party that seeks to make such disclosure to an expert or consultant of any

3 information or item that has been designated Protected Material need not identify to the Producing

4 Party said information or item to be disclosed.

5   (c) A Party that provides the noticed described in Paragraph 12 may disclose the

6 subject Protected Material to the identified expert unless, with 10 days of receipt of the notice, the

7 Party receives an objection to the disclosure, in writing (including via email), from the Producing

8 Party. Any such objection must set forth in detail the grounds on which it is based.

9   (d) A Party that receives a timely written objection as described in the preceding

10 section must meet and confer with the Producing Party to try to resolve the matter by agreement

11 within 3 days following the objection. Only if no agreement is reached after the meet and confer,

12 the Producing Party may seek the Court's assistance in accordance with the Court's procedures for

13 resolving discovery disputes within 5 business days from the date of the meet and confer. If relief

14 from the Court is not sought within that time, the objection shall be deemed withdrawn. If an

15 objection is made or if relief is sought, Protected Material shall not be disclosed to the expert in

16 question until the Court resolves the objection. In any such proceeding, the Producing Party shall

17 bear the burden of proving that the risk of harm that the disclosure would entail (under the

18 safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

19 the specific designated expert. The filing and pendency of objections shall not limit, delay, or

20 defer any disclosures of Protected Material to persons as to whom no such objection has been

21 made.

22   (e) An initial failure to object to an expert or consultant under this Paragraph 12 shall

23 not preclude the non-objecting Party from later objecting to continued access by that expert or

24 consultant for good cause. If an objection is made, the Parties shall meet and confer via telephone

25 or in person within 7 days following the objection and attempt in good faith to resolve the dispute

26 informally. If the dispute is not resolved, the Party objecting to the disclosure will have 7 days

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING   **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS    400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP          Sacramento, CA  95814

from the date of the meet and confer to seek relief from the Court. The designated expert or

consultant may continue to have access to information that was provided to them prior to the date

of the objection. If a later objection is made, no further Protected Material shall be disclosed to the

expert or consultant until the Court resolves the matter or the Producing Party withdraws its

objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective

order within 7 days after the meet and confer, further Protected Material may thereafter be

provided to the designated expert or consultant.

**13.      CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)      A Party shall not be obligated to challenge the propriety of any designation of

Discovery Material under this Order at the time the designation is made, and a failure to do so

shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Order shall be

written, shall be served on outside counsel for the Producing Party, shall particularly identify the

documents or information that the Receiving Party contends should be differently designated, and

shall state the grounds for the objection. Thereafter, further protection of such material shall be

resolved in accordance with the following procedures:

(i)      The objecting Party shall have the burden of conferring either in person, in

writing, or by telephone with the Producing Party claiming protection (as

well as any other interested party) in a good-faith effort to resolve the

dispute. The Producing Party shall have the burden of justifying the

disputed designation;

(ii)      Failing agreement, the Receiving Party may bring a motion to the Court,

within 21 days of the initial notice of challenge or within 14 days of the

parties agreeing that the meet-and-confer process will not resolve their

dispute, whichever is earlier, for a ruling that the Discovery Material in

question is not entitled to the status and protection of the Producing Party's

21

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14.    SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**15.    FILING PROTECTED MATERIAL**

(a)    All documents, including pleadings, motions, and other papers, containing Protected Material shall be filed with the Court under seal in accordance with the Court's Local Rules and CM/ECF procedures. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Protected Material.

**16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in

this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

(b)    If any Party, through inadvertence, produces any Discovery Material that it believes is immune from discovery pursuant to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, the Producing Party may, within 14 days of the Producing Party learning of the inadvertent production, give written notice to the Receiving Party that such Discovery Material is deemed privileged and that return or destruction of such Discovery Material is requested. Upon receipt of such written notice, a Receiving Party shall not use, and shall immediately cease any prior use of, such information, and the Receiving Party shall immediately, and not later than 3 business days after receipt of the Producing Party's request, gather the original and all copies of such Discovery Material of which the Receiving Party is aware and shall immediately destroy, delete, or return to the Producing Party the original and all such copies. The Receiving Party shall confirm to the Producing Party the destruction of all copies of the Discovery Material not returned to the Producing Party.

(c)    If the Producing Party discovers that privileged, work product, or otherwise protected Discovery Material has been inadvertently disclosed or produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing Party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the Discovery Material. Upon such an oral request, the

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

Receiving Party shall immediately (i) destroy, delete, or return to the Producing Party the Discovery Material and all copies, and (ii) cease examination or argument regarding such information.

(d) The Receiving Party may seek to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation; and the Producing Party shall retain a copy of such Discovery Material in order to facilitate resolution of any such motion. Any such request shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way, other than for purposes of the motion to compel. The parties expressly acknowledge that documents that are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(e) The use of keyword searching to screen for and prevent production of documents that are privileged, work product-protected, or immune from discovery under any other applicable privilege or immunity, constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b).

## 17.  <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within 14 days of the

24
STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

Producing Party learning of the inadvertent failure to designate. The Producing Party shall

reproduce the Protected Material with the correct confidentiality designation within 7 days upon

its notification to the Receiving Parties. Upon receiving the Protected Material with the correct

confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing

Party's option, all Discovery Material that was not designated properly.

(b)      A Receiving Party shall not be in breach of this Order for any use of such

Discovery Material before the Receiving Party receives such notice that such Discovery Material

is protected under one of the categories of this Order, unless an objectively reasonable person

would have realized that the Discovery Material should have been appropriately designated with a

confidentiality designation under this Order. Once a Receiving Party has received notification of

the correct confidentiality designation for the Protected Material with the correct confidentiality

designation, the Receiving Party shall treat such Discovery Material (subject to the exception in

Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)      Notwithstanding the above, a subsequent designation of "CONFIDENTIAL,"

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS'

EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify

anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the

materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the

activities set forth in Paragraph 6(b).

## 18.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any

person or persons not authorized to receive such disclosure under this Protective Order, the Party

responsible for having made such disclosure, and each Party with knowledge thereof, shall

immediately notify counsel for the Producing Party whose Discovery Material has been disclosed

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1    and provide to such counsel all known relevant information concerning the nature and

2    circumstances of the disclosure. The responsible disclosing Party shall also promptly take all

3    reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no

4    further or greater unauthorized disclosure and/or use thereof is made.

5        (b)    Unauthorized or inadvertent disclosure does not change the status of Discovery

6    Material or waive the right to hold the disclosed document or information as Protected.

7    **19.    FINAL DISPOSITION**

8        (a)    Not later than 90 days after the Final Disposition of this case, each Party shall

9    return all Discovery Material of a Producing Party to the respective outside counsel of the

10   Producing Party or destroy such Material, at the option of the Producing Party. For purposes of

11   this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the

12   above-captioned action with prejudice, including all appeals.

13       (b)    All Parties that have received any such Discovery Material shall certify in writing

14   that all such materials have been returned to the respective outside counsel of the Producing Party

15   or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel

16   may retain one set of pleadings, correspondence and attorney and consultant work product (but not

17   document productions) for archival purposes, but must return or destroy any pleadings,

18   correspondence, and consultant work product that contain Source Code.

19   **20.    DISCOVERY FROM EXPERTS OR CONSULTANTS**

20       (a)    Absent good cause, drafts of reports of testifying experts, and reports and other

21   written materials, including drafts, of consulting experts, shall not be discoverable.

22       (b)    Reports and materials exempt from discovery under the foregoing Paragraph shall

23   be treated as attorney work product for the purposes of this case and Protective Order.

24   **21.    MISCELLANEOUS**

25       (a)    Right to Further Relief. Nothing in this Order abridges the right of any person to

26   seek its modification by the Court in the future. By stipulating to this Order, the Parties do not

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING    **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS    400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP    Sacramento, CA  95814

waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)      Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)      Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)      Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)      Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected

27

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING    **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS    400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP    Sacramento, CA  95814

1    Material, however designated, produced under the protection of this Order shall be resolved by the

2    United States District Court for the Eastern District of California.

3         (g)    <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any

4    way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

5    United States District Court for the Eastern District of California, or the Court's own orders.

6    Identification of any individual pursuant to this Protective Order does not make that individual

7    available for deposition or any other form of discovery outside of the restrictions and procedures

8    of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

9    the Eastern District of California, or the Court's own orders.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

1    STIPULATED TO this 24th day of February, 2025.

2

3    /s/ Chandrika Vira                              /s/ Joel C. Lin
     Audrey A. Millemann (SBN 124954)              Ryan Iwahashi (CA SBN 284766)
4    amillemann@weintraub.com                      ryan@gishpllc.com
     **WEINTRAUB TOBIN CHEDIAK COLEMAN**           **GISH P.L.L.C.**
5       **GRODIN LAW CORPORATION**                 50 California Street, Suite 1500
     400 Capitol Mall, 11th Floor                  San Francisco, CA 94111
6    Sacramento, CA  95814                         Phone: (415) 630-2000
     Phone: (916) 558-6000
7                                                  Andrew D. Gish (*pro hac vice*)
     Chandrika Vira (*pro hac vice*)               andrew@gishpllc.com
8    cvira@sternekessler.com                       Joel C. Lin (CA SBN 280679)
     R. Wilson Powers III, Ph.D. (SBN 284533)      joel.lin@gishpllc.com
9    tpowers@sternekessler.com                     Michael M. Powell (*pro hac vice*)
     Richard A. Crudo (*pro hac vice*)             michael@gishpllc.com
10   rcrudo@sternekessler.com                      **GISH P.L.L.C.**
     Steven M. Pappas (*pro hac vice*)             41 Madison Avenue, Floor 31
11   spappas@sternekessler.com                     New York, NY 10010
     **STERNE, KESSLER, GOLDSTEIN &**              Phone: (212) 518-7300
12      **FOX P.L.L.C.**
13   1101 K Street, NW, 10th Floor                 *Attorneys for Defendant and Counterclaim-*
     Washington, DC  20005                         *Plaintiff Laudando & Associates, LLC*
14   Phone: (202) 371-2600

15
     *Attorneys for Plaintiff and Counterclaim-*
16   *Defendant Carbon Autonomous Robotic*
     *Systems Inc.*
17

18

19

20

21

22

23

24

25

26

27
                                      29
28   ─────────────────────────────────────────────────────────────────

1  IT IS SO ORDERED.

2

3  Dated:    February 24, 2025

4                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING          **WEINTRAUB TOBIN**
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS                  400 Capitol Mall, 11th Floor
CASE NO. 2:24-cv-03012-DAD-JDP                                 Sacramento, CA  95814

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. | CASE NO. 2:24-cv-03012-DAD-JDP <br><br> **STIPULATION FOR [PROPOSED] PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| LAUDANDO & ASSOCIATES LLC, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counterclaim-Defendant. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, am employed by _____ and state that I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been entered in the matter captioned above. I hereby agree to be bound by and to comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective order that I review or about which I am told to any person, entity, party, or agency for any reason, except as permitted under the terms of the Protective Order. I understand that contempt sanctions may be entered for violation of this Protective Order and hereby submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

EXHIBIT A:
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
CASE NO. 2:24-cv-03012-DAD-JDP

**WEINTRAUB TOBIN**
400 Capitol Mall, 11th Floor
Sacramento, CA 95814

1          I declare under penalty of perjury of the laws of the United States that the foregoing is true

2    and correct.

3

4    Name: _____    Title/Employer: _____

5

6

7    Signature: _____    Date: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT A:
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
CASE NO. 2:24-cv-03012-DAD-JDP

WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA  95814