1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARBON AUTONOMOUS ROBOTIC            No.  2:24-cv-03012-DAD-JDP
     SYSTEMS INC.,
12
                    Plaintiff,
13                                        ORDER OVERRULING PLAINTIFF'S
            v.                            OBJECTIONS TO THE SCHEDULING
14                                        ORDER
     LAUDANDO & ASSOCIATES LLC,
15
                    Defendant.
16

17

18   LAUDANDO & ASSOCIATES LLC,

19                  Counter Claimant,

20          v.

21   CARBON AUTONOMOUS ROBOTIC
     SYSTEMS INC.,
22
                    Counter Defendant.
23

24          This matter is before the court on the March 12, 2025 objections filed by plaintiff and

25   counter-defendant Carbon Autonomous Robotic Systems Inc. (Doc. No. 38), to the court's

26   February 26, 2025 scheduling order.

27   /////

28   /////

                                              1

1   **DISCUSSION**

2   **A.      Adoption of the Northern District of California's Patent Local Rules**

3          Plaintiff objects to the court's adoption of the Northern District of California's Patent

4   Local Rules in its scheduling order.  (Doc. No. 38 at 2–4.)  Plaintiff argues in its objections that

5   the court should:  (1) establish final infringement, invalidity, and noninfringement contention

6   deadlines and permit amendment of contentions without a court order until those deadlines pass;

7   (2) amend the procedure used in the Patent Local Rules to require defendant to produce core

8   technical documents prior to plaintiff's serving of initial infringement contentions, which the

9   parties had stipulated to in their joint status report; and (3) amend the procedure used in the Patent

10  Local Rules to delay exchange of expert claim-construction declarations until after the Joint

11  Claim Construction and Prehearing Statement.  (*Id.* at 3.)  Defendant opposes these modifications,

12  stating that it has always supported a schedule based on the Northern District of California's

13  Patent Local Rules.  (Doc. No. 39 at 2.)

14         The Northern District's Patent Local Rules are "designed specifically to 'require parties to

15  crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands'

16  approach to claim construction.'"  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d

17  1351, 1364 (9th Cir. 2008); *see also MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-

18  5341-YGR, 2014 WL 971765, at *3 (N.D. Cal. Mar. 5, 2014) ("The goal of these rules, like those

19  of other districts with significant numbers of patent cases, is the speedy, efficient, and less

20  expensive resolution of patent cases.")  The Federal Circuit, in considering the Northern District's

21  Patent Local Rules, has stated:

22              If a local patent rule required the final identification of infringement
                and invalidity contentions to occur at the outset of the case, shortly
23              after the pleadings were filed and well before the end of discovery, it
                might well conflict with the spirit, if not the letter, of the notice
24              pleading and broad discovery regime created by the Federal Rules.
                But we see nothing in the Federal Rules that is inconsistent with local
25              rules requiring the early disclosure of infringement and invalidity
                contentions and requiring amendments to contentions to be filed with
26              diligence.

27  *O2 Micro Int'l Ltd.*, 521 F.3d at 1366.

28  /////

                                                    2

1     Here, plaintiff has first requested that the court amend its scheduling order to establish

2     deadlines for final infringement, invalidity, and noninfringement contentions and the ability to

3     amend initial contentions as a matter of course until those deadlines pass.  (Doc. No. 38 at 3.)  It

4     contends that doing so will avoid the onerous task of seeking leave to amend its infringement

5     contentions "upon a timely showing of good cause" as Patent Local Rule 3-6 requires.  (*Id.* at 2–

6     3.)  It also explains that it will seek such amendments to accommodate discovery materials as

7     they are produced.  (*Id.*)  However, the reasons advanced by , plaintiff do not provide good cause

8     for the modification of the court's scheduling order.  This is because courts typically find good

9     cause to grant leave to modify infringement contentions upon the receipt of discovery.  *See, e.g.,*

10    *Linex Techs. v. Hewlett-Packard Co.*, No. 13-cv-00159-CW, 2013 WL 5955548, at *2 (N.D. Cal.

11    Nov. 6, 2013) ("Courts typically grant leave to amend infringement contentions after a patentee

12    has been given the opportunity to inspect relevant source code."); *Broadcom Corp. v. Qualcomm*

13    *Inc.*, No. 05-cv-00467-JVS-RNB, 2006 WL 8441691, at *3 (C.D. Cal. Dec. 5, 2006) (finding

14    good cause to amend infringement contentions upon review of discovery and deposition

15    testimony); *see also* Patent L.R. 3-6 ("Non-exhaustive examples of circumstances that may,

16    absent undue prejudice to the non-moving party, support a finding of good cause include: . . . (c)

17    Recent discovery of nonpublic information [.]"); *Comcast Cable Commc'ns v. Finisar Corp.*, No.

18    06-cv-04206-WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) ("[T]he rule is not a straitjacket

19    into which litigants are locked from the moment their contentions are served.  There is a modest

20    degree of flexibility, at least near the outset.").  Because plaintiff has not established good cause

21    to modify the scheduling order and the Patent Local Rules ensure that amendments are filed with

22    diligence to avoid "shifting sands" litigation strategies, the court will overrule plaintiff's

23    objections to the scheduling order with respect to final contentions deadlines and the requirement

24    of good cause for amendment.

25    Plaintiff next requests that the court modify its scheduling order by requiring that

26    defendant produce core technical documents and source code prior to the deadline for plaintiff's

27    filing of its initial infringement contentions.  (Doc. No. 38 at 3.)  The court opted not to include in

28    its scheduling order the specific discovery exchange deadline suggested by plaintiff with respect

1    to core technical documents and source code because it is not the court's practice to impose such

2    incremental discovery deadlines.[1]  The court remains unpersuaded that it should do so here.

3    Accordingly, plaintiff's objection in this regard is also overruled.

4          Finally, plaintiff requests that the court modify the scheduling order to delay exchange of

5    expert claim-construction declarations.  (Doc. No. 38 at 3–4.)  Plaintiff states that this procedure

6    would be more efficient.  (*Id.* at 4.)  Patent Local Rule 4-2, which requires the exchange of expert

7    declarations with the Joint Claim Construction and Prehearing Statement, ensures that the parties

8    disclose their theories of claim construction and expert testimony prior to briefing to avoid the

9    shifting of positions after initial briefing.  *See HTC Corp v. Tech. Props. Ltd.*, No. 5:08-cv-00882-

10   JF-HRL, 2010 WL 4973628, at *2 (N.D. Cal. Dec. 1, 2010) (discussing the importance of

11   disclosure of expert opinions prior to the filing of opening claim construction briefs to facilitate

12   claim construction discovery).  Because the early disclosure of expert reports with the Joint Claim

13   Construction and Prehearing Statement is designed to aid the parties in preparing their opening

14   claim construction briefs and helps avoid the "shifting sands" approach to claim construction, the

15   court will overrule plaintiff's objection to the scheduling order in this regard as well.

## CONCLUSION

17         For the reasons explained above, plaintiff's objections (Doc. No. 38) to the court's

18   scheduling order are overruled and the February 26, 2025 order remains in place as issued unless

19   otherwise ordered.

20         IT IS SO ORDERED.

21   Dated:   __April 8, 2025__                          _____

22                                                       DALE A. DROZD
                                                         UNITED STATES DISTRICT JUDGE
23

24   [1]  Defendant concedes that it had agreed to early production of source code and core technical
     documents but now seeks to delay that production until the time when the Patent Local Rules
25   would require, namely with the filing of their initial invalidity and noninfringement contentions.
     (Doc. No. 39 at 2); see Patent L.R. 3-4(a) (requiring source code to be provided with initial
26   invalidity contentions).  Based on defendant's responses to plaintiff's objections, it appears that
     the parties are no longer in agreement as to an early discovery deadline with respect to source
27   code and core technical documents.  However, were the parties to again reach agreement on this
     issue, they are certainly free to act in accordance with such an agreement.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28