UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. | No. 2:24-cv-03012-DAD-JDP <br><br><br> ORDER DENYING PLAINTIFF'S AND DEFENDANT'S REQUESTS TO SEAL WITHOUT PREJUDICE <br><br> (Doc. Nos. 50, 59, 62) |
| LAUDANDO & ASSOCIATES LLC, <br><br> Counter Claimant, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counter Defendant. | |

    This matter is before the court on the requests to seal documents filed by plaintiff and defendant. (Doc. Nos. 50, 59, 62.) In its requests to seal documents, plaintiff seeks to seal: "1. Portions of Carbon's Memorandum of Points and Authorities in Support of Carbon's Motion for Preliminary Injunction; 2. Portions of the Declaration of Paul Mikesell; 3. Exhibit M1 to the Declaration of Paul Mikesell; 4. Exhibit M4 to the Declaration of Paul Mikesell; and 5. Portions

1

1  of the Declaration of Jim Bergman" as well as "1. Portions of Carbon's Reply in Support of its
2  Motion for Preliminary Injunction; 2. Portions of Exhibit 14 to the Supplemental Declaration of
3  Ralph W. Powers III; and 3. Portions of the Reply Declaration of Paul R. Weckler, Ph.D." (Doc.
4  Nos. 50 at 2; 62 at 2.) Plaintiff represents in each of its requests that during its meet-and-confer
5  efforts, defendant counsel indicated that it does not oppose either of its requests to seal. (Doc.
6  Nos. 50 at 2–3; 62 at 2–3.) In its request, defendant seeks to seal: "1. L&A's Memorandum of
7  Points and Authorities in Support of L&A's Opposition to Motion for Preliminary Injunction; and
8  2. Declaration of Christopher Laudando in Support of L&A's Opposition to Motion for
9  Preliminary Injunction." (Doc. No. 59 at 2.) Defendant represents in its request that during its
10 meet-and-confer efforts, plaintiff counsel indicated that it did not oppose this request to seal. (*Id.*)
11     The court observes that both parties have filed the redacted versions of the documents
12 they seek to seal on the court's public docket, prior to leave to do so being granted by the court.
13 (*See* Doc. Nos. 49-1; 49-2; 49-5; 58; 58-1; 61; 61-1; 61-2.) In any event, for the reasons
14 explained below, all of the parties' pending requests to seal will be denied without prejudice as
15 not adequately supported.

16                              **LEGAL STANDARD**

17     All documents filed with the court are presumptively public. *San Jose Mercury News,*
18 *Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits
19 of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").
20 "Historically, courts have recognized a 'general right to inspect and copy public records and
21 documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,
22 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,
23 597 & n.7 (1978)).[1]
24     Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors*
25 *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

---

26 [1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made
27 under seal without redaction." However, even if a court permits such a filing, it may "later unseal
   the filing or order the person who made the filing to file a redacted version for the public record."
28 Fed. R. Civ. P. 5.2(d).

                                         2

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he

/////

'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

## DISCUSSION

The requests to seal at issue were filed in relation to a motion for preliminary injunction. In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunctions, motions for sanctions, or motions *in limine*—though such motions are not dispositive—may be governed by the "compelling reasons" test, which is predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Ctr. for Auto Safety*, 809 F.3d at 1101–02. The Ninth Circuit has held that when a motion for preliminary injunction is "more than tangentially related to the merits" that the "compelling reasons" test applies. *Id.* Plaintiff's motion for preliminary injunction involves a determination of whether plaintiff is likely to succeed on the merits of its claim that defendant is infringing at least one of its patents. (Doc. No. 49-1 at 16.) Moreover, the relief sought by plaintiff in moving for a preliminary injunction is that the court order defendant to not launch its allegedly infringing product until this action is resolved. (*Id.* at 31.) In its operative first amended complaint ("FAC"), plaintiff also requests injunctive relief against defendant to prevent infringement of its patents. (Doc. No. 46 at 55.) Therefore, for plaintiff, success on its motion for a preliminary injunction will result in a portion of the injunctive relief that it requests in its FAC. *See Ctr. for Auto Safety*, 809 F.3d at 1102 (concluding that the plaintiffs' motion for preliminary injunction was more than tangentially related to the merits where it would provide some of the relief sought in the plaintiffs' complaint).

Therefore, the pending requests to seal will be evaluated under the "compelling reason" standard.

**A.    Plaintiff's Requests to Seal Documents**

Plaintiff's argument in its initial request to seal, in its entirety, is as follows:

> These documents reference, quote, or otherwise include Carbon's confidential financial information, the disclosure of which would cause competitive harm to Carbon.

(Doc. No. 50 at 2.) Plaintiff's argument in its second request to seal, in its entirety, is as follows:

4

> These documents reference, quote, or otherwise include Carbon's confidential financial information and Defendant Laudando & Associates LLC's confidential product and financial information, the disclosure of which would cause competitive harm to Carbon and L&A.

(Doc. No. 62 at 2.)

Plaintiff has failed to meet its burden with regard to its pending requests to seal. Detailed information about a party's "business arrangements, business plans about specific . . . products, and identities of its partners and customers[]" can appropriately be sealed. *Apex.Ai, Inc. v. Langmead*, No. 5:23-cv-02230-BLF, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023). However, a conclusory assertion that documents contain "confidential financial information" and that public disclosure "would" result in "competitive harm" is insufficient to satisfy plaintiff's burden to articulate compelling reasons that justify sealing portions of its memorandum in support of its motion for preliminary injunction and exhibits attached thereto, or sealing portions of its reply brief and exhibits attached thereto. *Yates v. Cheeseburger Restaurants, Inc.*, No. 2:22-cv-01081-DAD-DB, 2023 WL 4747431, at *2 (E.D. Cal. July 25, 2023); *see also Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient.") (internal quotation marks omitted); *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14-cv-02234-KJM-DMC, 2021 WL 1212645, at *1–2 (E.D. Cal. Mar. 31, 2021) ("Requests to seal are frequently overbroad, especially in patent litigation; . . . Conclusory offerings do not rise to the level of compelling reasons sufficiently specific to bar the public access to the documents. . . . If a party does not articulate with any specificity how disclosure would cause it harm, its request to seal must be denied.") (internal quotation marks omitted); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (finding generalized assertions that disclosure could be "leveraged by competition" were unsubstantiated and did not satisfy the defendant's burden to show compelling reasons for sealing).

Accordingly, the court will deny plaintiffs' requests to seal.

/////

**B.     Defendant's Request to Seal**

Similarly, defendant's argument in its request to seal, in its entirety, is as follows:

> These documents reference, quote, or otherwise include L&A's confidential business and technical information, the disclosure of which could cause competitive harm to L&A, and information that Carbon has submitted under seal and upon representation that disclosure would cause it competitive harm.

(Doc. No. 59 at 2.)

The court finds that defendant's stated reasons in support of its request to seal are conclusory in the same manner as plaintiff's. Accordingly, the analysis for defendant's request mirrors that of plaintiffs' requests and the court will deny defendant's request to seal on the same grounds.[2]

## CONCLUSION

For the reasons explained above,

1. Plaintiff's first request to seal (Doc. No. 50) is denied, without prejudice;

2. Defendant's request to seal (Doc. No. 59) is denied, without prejudice;

3. Plaintiff's second request to seal (Doc. No. 62) is denied, without prejudice; and

/////

/////

/////

/////

---

[2] The court observes that defendant appears to request sealing of its entire brief in opposition to plaintiff's motion for a preliminary injunction and one of the declarations attached thereto. Of course, "requests to seal must be narrowly tailored—a party may not seek to seal an entire document where redaction would suffice." *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-cv-00706-JLS-DDL, 2024 WL 1898479, at *6 (S.D. Cal. Apr. 30, 2024); *see also Napear v. Bonneville Int'l Corp.*, No. 2:21-cv-01956-DAD-SCR, 2024 WL 5202078, at *2 (E.D. Cal. Dec. 23, 2024) (declining to seal a declaration in its entirety while recognizing that portions of that declaration contained potentially sensitive information); *Yates*, 2023 WL 4747431, at *3 ("The court also notes that blanket sealing of an entire brief or document is generally inappropriate where only certain portions of the brief are subject to sealing[.]"). It appears that defendant may have only intended for certain portions of its filings to be sealed based on the redactions appearing in its publicly-filed opposition memorandum. (*See, e.g.*, Doc. No. 58 at 7.) Should defendant choose to renew its request to seal, it should ensure to accurately request what portions of its filings it seeks to seal.

4.  Within ten (10) days from the date of entry of this order, plaintiff and defendant shall either: (i) file renewed requests to seal the documents addressed in this order; or (ii) file the documents addressed in this order without redactions.

IT IS SO ORDERED.

Dated: **May 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

7