UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. | No. 2:24-cv-03012-DAD-JDP <br><br> ORDER GRANTING PLAINTIFF'S RENEWED REQUESTS TO SEAL AND REDACT AND GRANTING DEFENDANT'S RENEWED REQUEST TO SEAL AND REDACT <br><br> (Doc. Nos. 67, 68, 70) |
| LAUDANDO & ASSOCIATES LLC, <br><br> Counter Claimant, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counter Defendant. | |

This matter is before the court on the renewed requests to seal and redact documents filed by plaintiff and defendant in connection with plaintiff's motion for a preliminary injunction. (Doc. Nos. 67, 68, 70.) The court previously denied the parties' initial requests to seal and redact (Doc. Nos. 50, 59, 62) for failing to "articulate compelling reasons that justify sealing" the documents at issue. (Doc. No. 65 at 5.) The court directed the parties to either: "(i) file renewed

1

1  requests to seal the documents addressed in this order; or (ii) file the documents addressed in this
2  order without redactions." (Doc. No. 65 at 7.) On May 15, 2025, plaintiff filed its renewed
3  requests to seal and redact documents. (Doc. Nos. 67, 68.) On May 16, 2025, defendant filed its
4  renewed request to seal and redact documents. (Doc. No. 70.)

In its renewed requests to seal and redact documents, plaintiff seeks to seal: "1. Portions of Carbon's Memorandum of Points and Authorities in Support of Carbon's Motion for Preliminary Injunction; 2. Portions of the Declaration of Paul Mikesell; 3. Exhibit M1 to the Declaration of Paul Mikesell; 4. Exhibit M4 to the Declaration of Paul Mikesell; and 5. Portions of the Declaration of Jim Bergman" as well as "1. Portions of Carbon's Reply in Support of its Motion for Preliminary Injunction; 2. Portions of Exhibit 14 to the Supplemental Declaration of Ralph W. Powers III; and 3. Portions of the Reply Declaration of Paul R. Weckler, Ph.D." (Doc. Nos. 67 at 2; 68 at 2.) Plaintiff represents as to each of its requests to seal and redact that during its meet-and-confer efforts, defendant's counsel indicated that they had no opposition to plaintiff's requests to seal. (Doc. Nos. 67 at 3; 68 at 3.)

In its renewed request to seal and redact documents, defendant seeks to seal: "1. Portions of L&A's Memorandum of Points and Authorities in Support of L&A's Opposition to Motion for Preliminary Injunction; and 2. Portions [sic] Declaration of Christopher Laudando in Support of L&A's Opposition to Motion for Preliminary Injunction." (Doc. No. 70 at 2.) Defendant represents in its renewed request that during its meet-and-confer efforts, plaintiff's counsel indicated that it did not oppose this request. (*Id.* at 2–3.)

The court observes that both parties have filed the redacted versions of the documents on the court's public docket, prior to the court granting them leave to do so. (*See* Doc. Nos. 49-1; 49-2; 49-5; 58; 58-1; 61; 61-1; 61-2.)

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and

2

1  documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,

2  447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

3  597 & n.7 (1978)).[1]

4      Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors*

5  *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

10  *Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

11  1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive

12  motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as

13  a result, the public's interest in accessing dispositive materials does not apply with equal force to

14  non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

15      Under the "compelling reasons" standard applicable to dispositive motions, such as a

16  motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

21  *Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a

22  judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

23      While the terms "dispositive" and "non-dispositive" motions are often used in this

24  context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever

25  /////

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

As noted, the renewed requests to seal and redact at issue were filed in relation to a motion for preliminary injunction. In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunctions, motions for sanctions, or motions *in limine*—though such motions are not dispositive—may be governed by the "compelling reasons" test, which is predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Ctr. for Auto Safety*, 809 F.3d at 1101–02. The Ninth Circuit has held that when a motion for preliminary injunction is "more than tangentially related to the merits" that the "compelling reasons" test applies to such motions. *Id.* Plaintiff's motion for preliminary injunction involves a determination of whether plaintiff is likely to succeed on the merits of its claim that defendant is infringing at least one of its patents. (Doc. No. 49-1 at 16.) Moreover, here plaintiff has sought preliminary relief in the form of a court order that defendant not launch its allegedly infringing product until this action is resolved. (*Id.* at 31.) Plaintiff, in its operative first amended complaint ("FAC"), requests injunctive relief against defendant to prevent infringement of its patents. (Doc. No. 46 at 55.) Therefore, for plaintiff, success on its motion for a preliminary injunction will result in the granting of some of the injunctive relief that it requests in the FAC. *See Ctr. for Auto Safety*, 809 F.3d at 1102 (concluding that the plaintiffs' motion for preliminary injunction was

more than tangentially related to the merits where it would provide some of the relief sought in the plaintiffs' complaint). Therefore, the requests to seal and redact will be evaluated under the "compelling reason" standard.

**A.     Plaintiff's Requests to Seal Documents**

Plaintiff's argument in its first notice of request to seal and redact, in its entirety, is as follows:

> Collectively, these documents contain: (1) Carbon's confidential pricing information; (2) Carbon's confidential financial information regarding costs, including research and development expenditures; and (3) Carbon's detailed confidential sales information, including the number of LaserWeeder[] G1 units sold, the number of LaserWeeder[] G2 units on order, per-product revenue information, and the location of Carbon's customer base. In addition, the Declaration of Paul Mikesell (Document 2, above) identifies at least one potential Carbon customer targeted by Defendant Laudando & Associates LLC ("L&A"). Carbon's proposed redactions to these documents are identical to those previously filed with the court. . . . As further explained in Carbon's Renewed Request to Seal and Redact Documents, public disclosure of this information would cause competitive harm to Carbon, the risk of which outweighs the public's interest in disclosure.

(Doc. No. 67 at 2.) Plaintiff's argument in its second notice of request to seal and redact, in its entirety, is as follows:

> Collectively, these documents contain: (1) Carbon's confidential pricing information; (2) Defendant Laudando & Associates LLC's ("L&A") confidential technical information related to its L&Aser Modules, which has been designated by L&A as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the parties' stipulated Protective Order (Dkt. 36); (3) L&A's confidential information regarding its financial status; and (4) L&A's confidential sales data from its opposition papers that L&A has represented to the Court is confidential (Dkt. 59). Carbon's proposed redactions to these documents are identical to those previously filed with the Court. . . . As further explained in Carbon's Renewed Request to Seal and Redact Documents, public disclosure of this information would cause competitive harm to Carbon and/or L&A, the risk of which outweighs the public's interest in disclosure.

(Doc. No. 62 at 2.)

The court concludes that plaintiff has met its burden with regard to its pending requests to seal and redact. Detailed information about a party's "business arrangements, business plans about specific . . . products, and identities of its partners and customers[]" are appropriately the

5

1  subject of filing under seal. *Apex.Ai, Inc. v. Langmead*, No. 5:23-cv-02230-BLF, 2023 WL
2  4157629, at *2 (N.D. Cal. June 23, 2023); *see also Stiles v. Wal-Mart Stores, Inc.*, No. 2:14-cv-
3  02234-KJM-DMC, 2021 WL 1212645, at *1–2 (E.D. Cal. Mar. 31, 2021) ("Detailed data about
4  profits, costs, and margins, for example, might give an opponent an advantage in contract
5  negotiations.") (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013));
6  *Virun, Inc. v. Cymbiotika, LLC*, No. 8:22-cv-00325-SSS-DFM, 2022 WL 17401698, at *3 (C.D.
7  Cal. Aug. 19, 2022) (holding that protecting a customer's identity was a compelling reason to
8  seal). Plaintiff has also filed redacted versions of the documents which ensures that its "requests
9  to seal are narrowly tailored to only seal the confidential information at issue." *Fate*
10 *Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-00676-H-MSB, 2023 WL 6376095,
11 at *1 (S.D. Cal. Feb. 16, 2023). Accordingly, the court will grant plaintiffs' requests to seal and
12 redact.

13 **B.   Defendant's Request to Seal**

14 In its renewed notice of request to seal and redact, defendant clarifies that it is only
15 requesting that the court allow it to "maintain the public filing of the redacted versions" of the
16 documents at issue in their request to seal and redact. (Doc. No. 70 at 2.) Having reviewed the
17 redactions defendant proposes and defendant's request to seal and redact, it appears to the court
18 that defendant seeks to redact information related to: (1) defendant's financial situation and
19 information concerning its business (Doc. Nos. 58 at 12, 27–28, 30; 58-1 at 12–15); (2)
20 information contained within redacted portions of plaintiff's motion for preliminary injunction
21 (Doc. Nos. 58 at 22–23, 25, 26–27, 30; 58-1 at 7); and (3) technical information regarding
22 defendant's product (Doc. No. 58-1 at 4–5, 7.) Defendant's showing in support of its renewed
23 request for sealing is considerably thinner than that made by plaintiff. Nonetheless, having
24 concluded that plaintiff's requests to seal should be granted, the court finds that there are also
25 compelling reasons to maintain the redactions in defendant's opposition pertaining to references
26 to redacted portions of plaintiff's motion for preliminary injunction. The court also finds that
27 defendant has satisfied its burden of showing compelling reasons to maintain the redactions of the
28 first and third categories of documents it seeks to have redacted. *See Edtronic, Inc. v. Axonics*

*Modulation Techs., Inc.*, No. 8:19-cv-02115-DOC-JDE, 2023 WL 6813743, at *2 (sealing "non-public technical information related to the accused products"); *see also Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-cv-02848-WHO, 2021 WL 783560, at *13–14 (N.D. Cal. Mar. 1, 2021) (finding that there were compelling reasons to seal confidential business and financial information); *Virtru Corp. v. Microsoft Corp.*, No. 2:23-cv-00872-JNW, 2025 WL 1383793, at *5 (W.D. Wash. May 12, 2025) (finding compelling reason to seal "sensitive financial information"). Finally, defendant has also narrowly tailored its request through specific redactions of only confidential information. *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (finding that redactions were narrowly tailored where the redactions only sealed confidential information). Accordingly, the court will also grant defendant's renewed request to seal and redact.

## CONCLUSION

For the reasons explained above,

1. Plaintiff's renewed requests to seal and redact (Doc. Nos. 67, 68) are GRANTED;
2. Defendant's renewed request to seal and redact (Doc. No. 70) is GRANTED;
3. The court authorizes the redactions in plaintiff's motion for preliminary injunction and the exhibits attached thereto (Doc. Nos. 49-1, 49-2, 49-5), defendant's opposition and the exhibits attached thereto (Doc. Nos. 58, 58-1), and plaintiff's reply and the exhibits attached thereto (Doc. Nos. 61, 61-1, 61-2) pursuant to Local Rule 140; and
4. Within ten (10) days of the entry of this order, parties shall file unredacted versions of the identified documents under seal.

IT IS SO ORDERED.

Dated:   **June 12, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE