UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. | No. 2:24-cv-03012-DAD-JDP <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STAY THIS ACTION <br><br> (Doc. No. 78) |
| LAUDANDO & ASSOCIATES LLC, <br><br> Counter Claimant, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counter Defendant. | |

This matter is before the court on plaintiff's motion to stay this action while defendant obtains substitute counsel. (Doc. No. 78.) Specifically, plaintiff contends that a stay is appropriate because under the court's scheduling order as modified (Doc. Nos. 37, 55-1, 56), it is required to serve a disclosure of asserted claims and infringement contentions by June 20, 2025,

////

1

1  but—because defendant Laudando & Associates LLC is currently unrepresented—"there is
2  nobody on whom to serve such contentions and documents." (Doc. No. 78-1 at 2.)

3  "[T]he power to stay proceedings is incidental to the power inherent in every court to
4  control the disposition of the causes on its docket with economy of time and effort for itself, for
5  counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*,
6  514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have
7  inherent power to stay proceedings and 'to control the disposition of the causes on its docket with
8  economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S.
9  at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to
10 grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which
11 must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

12 In considering whether to grant a stay, this court must weigh several factors, including
13 "[1] the possible damage which may result from the granting of a stay, [2] the hardship or
14 inequity which a party may suffer in being required to go forward, and [3] the orderly course of
15 justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
16 which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
17 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842. A stay
18 may be granted regardless of whether the separate proceedings are "judicial, administrative, or
19 arbitral in character, and does not require that the issues in such proceedings are necessarily
20 controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857,
21 864 (9th Cir. 1979).

22 The court concludes that the possible damage which may result from the granting of a stay
23 here is minimal in light of defendant currently lacking representation. Furthermore, the court
24 concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of
25 "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at
26 254, weigh strongly in favor of staying this action given that defendant is not otherwise able to
27 proceed in this matter without counsel. *See* L.R. 183(a); *see also Abercrombie v. Vestra Labs*
28 /////

2

*LLC*, No. 2:23-cv-01529-KJM-AC, ECF No. 21 (staying action where the corporate defendant was unrepresented to permit the defendant to obtain substitute counsel).

Accordingly, plaintiff's motion to stay this action (Doc. No. 78) is granted. This action is STAYED through **July 1, 2025**, to permit defendant to obtain substitute counsel by the deadline previously set by the court. (Doc. No. 75.) The stay will lift automatically on **July 2, 2025** without a further order of this court. The court directs the parties to file a joint status report regarding further scheduling by **July 16, 2025**. All other dates and deadlines are vacated.

IT IS SO ORDERED.

Dated:   **June 17, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3