UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Defendant. <br><br><br> LAUDANDO & ASSOCIATES LLC, <br><br> Counter Claimant, <br><br> v. <br><br> CARBON AUTONOMOUS ROBOTIC SYSTEMS INC., <br><br> Counter Defendant. | No. 2:24-cv-03012-DAD-JDP <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT AND COUNTER CLAIMANT LAUDANDO & ASSOCIATES LLC'S ANSWER, DISMISSING DEFENDANT'S COUNTER-CLAIMS, AND DIRECTING THE CLERK OF THE COURT TO ENTER DEFAULT AGAINST DEFENDANT LAUDANDO & ASSOCIATES LLC PURSUANT TO RULE 55(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE <br><br> (Doc. No. 95) |

This matter came before the court on October 21, 2025 for hearing on plaintiff's motion to strike defendant's answer and for clerk's entry of default pursuant to Federal Rule of Civil

1

1  Procedure 55(a) against defendant Laudando & Associates LLC.  (Doc. No. 95.)  Attorney
2  Richard Crudo appeared for plaintiff and Mr. Christopher Laudando appeared on his own behalf
3  while acknowledging that he was not permitted to appear on behalf of defendant Laudando &
4  Associates LLC.  For the reasons explained below, the court will grant the pending motion.

## BACKGROUND

On April 9, 2025, counsel for defendant filed a motion to withdraw as attorneys of record for defendant.  (Doc. No. 52.)  Subsequently, on April 23, 2025, defendant filed an answer to plaintiff's first amended complaint ("FAC").  (Doc. No. 60.)  On May 5, 2025, the court denied defense counsels' motion to withdraw as attorneys of record without prejudice to the oral renewal of that motion upon the hearing of plaintiff's motion for preliminary injunction (Doc. No. 49). (Doc. No. 64.)  On June 13, 2025, the court granted plaintiff's motion for preliminary injunction and defense counsels' renewed motion to withdraw as attorneys of record, following compliance with the court's order.  (Doc. No. 74.)  On June 16, 2025, defendant's counsel were terminated from this action.  (Doc. No. 77.)  Pursuant to Local Rule 183(a), "[a] corporation or other entity may appear only by attorney."  L.R. 183.  Since June 13, 2025, defendant Laudando & Associates LLC has been unable to retain counsel to represent itself.

On July 2, 2025, plaintiff filed a motion for clerk's entry of default which was improperly noticed before the undersigned.  (Doc. Nos. 84, 85.)  On July 7, 2025, plaintiff filed a request for entry of default against defendant.  (Doc. No. 86.)  On July 8, 2025, the clerk denied that request for entry of default because defendant had previously filed an answer to both the original complaint and the operative FAC.  (Doc. Nos. 21, 60, 87.)  On July 9, 2025, the assigned magistrate judge set plaintiff's pending motion for clerk's entry of default (Doc. No. 84) for hearing on August 21, 2025 by Zoom.  (Doc. No. 88.)  At that hearing, the assigned magistrate judge observed that because default had not been entered, he could not recommend the granting of the motion if construed as one seeking default judgment.  (Doc. No. 93 at 6.)  The magistrate judge also noted that the operative answer would need to be stricken and suggested to plaintiff that they file "a request to strike and also move at the same time for defendant's default[.]"  (*Id.* at

/////

2

4.) On August 29, 2025, the magistrate judge denied plaintiff's motion, construed as one seeking entry of default judgment, without prejudice. (Doc. No. 91.)

On September 3, 2025, plaintiff filed a motion to strike defendant's answer and seeking an order directing the clerk to enter default against defendant. (Doc. No. 95.)

**DISCUSSION**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, if a party files an answer and thereafter fails to plead or otherwise defend, "the court cannot enter default until the answer is stricken." *Osgood v. Main Streat Mktg., LLC*, No. 3:16-cv-2415-GPC-BGS, 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017). "A defendant's answer may be stricken when the defendant persistently fails to participate in the action." *Staniforth v. Total Wealth Mgmt., Inc.*, No. 3:14-cv-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022).

Here, as described above, defendant's counsel were permitted to withdraw as counsel of record for defendant Laudando & Associates LLC following compliance with the court's order and, on June 16, 2025, defendant's counsel were terminated from this action. (Doc. Nos. 74, 77.) Defendant Laudando & Associates LLC has not subsequently ben able to retain counsel and, under Local Rule 183, is not permitted to represent itself. Moreover, no counsel appeared on behalf of defendant Laudando & Associates LLC at the October 21, 2025 hearing on the pending motion. (Doc. No. 98.) Given these circumstances, the court finds that defendant Laudando & Associates LLC has effectively failed to defend against plaintiff's claims in this litigation and failed to participate with regard to its crossclaims as well. Accordingly, the court will grant plaintiff's motion to strike defendant's operative answer and to direct the Clerk of the Court to enter default against defendant. *See Staniforth v. Total Wealth Mgmt., Inc.*, No. 14-cv-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022) (granting the motion to strike answer and enter default against corporate defendant that failed to retain substitute counsel and failed to appear for subsequent hearings and conferences); *see also Ortiz v. Lucero Ag Servs.*,

1  *Inc.*, No. 1:23-cv-01319-JLT-EPG, 2025 WL 892988, at *1–2 ("In cases where a corporate
2  defendant has failed to obtain counsel and defend the case, courts have used their inherent
3  authority to strike the defendant's answer, direct the entry of a default under Federal Rule of Civil
4  Procedure 55(a), and then permit the plaintiff to move for a default judgment."), *report and*
5  *recommendation adopted*, 2025 WL 1167421 (E.D. Cal. Apr. 22, 2025).[1]
6      Plaintiff has also moved to dismiss defendant's counter-claims asserted in its original
7  answer. (Doc. Nos. 21, 95-1 at 10.) "Under Rule 41(b), a district court may dismiss an action,
8  including a counterclaim, based upon the failure to prosecute, the failure to obey a court order,
9  and the failure to comply with the Rules." *Crandall v. Semillon Inc.*, No. 15-cv-01257-GPC-
10 NLS, 2016 WL 4479397, at *3 (S.D. Cal. Aug. 25, 2016) (citing Fed. R. Civ. P. 41(b)).
11 Accordingly, because defendant Laudando & Associates LLC has not retained counsel and cannot
12 proceed in this action *pro se* in compliance with the applicable rules, the court finds that it is
13 appropriate to dismiss defendant's counterclaims asserted in its original answer. *Id.* (collecting
14 cases and dismissing counterclaim due to failure of corporate defendant to obtain new counsel).

15 **CONCLUSION**

16     For the reasons above,

17     1.    Plaintiff's motion to strike defendant's answer and for clerk's entry of default
18         pursuant to Rule 55(a) against defendant (Doc. No. 95) is GRANTED;
19     2.    Defendant and cross-claimant's answer (Doc. No. 60) is STRICKEN;
20     3.    The Clerk of the Court is directed to update the docket to reflect that defendant and
21         cross-claimant's answer (Doc. No. 60) has been stricken;

22 /////

---

[1] In the undersigned's view, the appropriate procedure to obtain entry of default pursuant to Federal Rule of Civil Procedure 55(a) in these circumstances is to separately request an entry of default from the Clerk of the Court after obtaining an order striking the operative answer. *See* Fed. R. Civ. P. 55(a). Nevertheless, for the sake of efficiency, the court will direct the Clerk of the Court in this instance to enter default pursuant to Rule 55(a). In so doing, the court is not at this time ordering entry of default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for default judgment."). Under the Local Rules for the Eastern District of California, a party moving for entry of default judgment under Rule 55(b) must notice that motion before the assigned magistrate judge. L.R. 302(c)(19).

4. Defendant and cross-claimant's cross-claims asserted in its original answer (Doc. No. 21 at 18–19) are DISMISSED; and

5. The Clerk of the Court is directed to enter default against defendant and cross-claimant pursuant to Rule 55(a).

IT IS SO ORDERED.

Dated: __**October 22, 2025**__          *Dale A. Drozd*
                                         DALE A. DROZD
                                         UNITED STATES DISTRICT JUDGE