UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARBON AUTONOMOUS ROBOTIC
SYSTEMS INC.,

Plaintiff,

v.

LAUDANDO & ASSOCIATES LLC,

Defendant.

Case No.  2:24-cv-3012-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Plaintiff Carbon Autonomous Robotic Systems Inc. alleges that defendant Laudando & Associates infringed on plaintiff's patents.[1]  Defendant is not presently represented by counsel and cannot proceed pro se.  Accordingly, plaintiff moves for default judgment, seeking only permanent injunctive relief.  For the following reasons, I recommend that plaintiff's motion be granted.

**Background**

In April 2025—approximately five months after the commencement of this action— plaintiff filed the first amended complaint and a motion for preliminary injunction.  ECF Nos. 46 & 49.  In June 2025, the court granted plaintiff's motion.  ECF No. 74.  As the court observed,

---

[1] Prior court orders have also referred to the parties as counter claimant and counter defendant.  Because defendant's cross-claims have been dismissed, I refer to the parties only as plaintiff and defendant.  *See* ECF No. 99 at 5.

1

plaintiff alleges that defendant's products infringe upon plaintiff's patents, specifically U.S. Patent No. 12, 219, 948 ("the '948 patent") and U.S. Patent No. 12,240,372 ("the '372 patent"). *Id*. at 2. Plaintiff maintains a LaserWeeder product, which "is a system incorporating several high-resolution cameras and lasers which is then mounted on a tractor to be moved over a field" while the system "directs the lasers to shoot and destroy" weeds. *Id*. As the court found, "plaintiff was the only company to have developed a laser-based weeding product for sale in the United States prior to defendant's announcement of its laser-based weeding product." *Id*. at 4. However, defendant then "developed a laser-based weeding product called the 'L&Aser Module' (the 'Accused Product')." *Id*. Plaintiff's expert witness, Dr. Paul Weckler, "concluded that the Accused Product infringed on plaintiff's '948 and '372 patents." *Id*. at 5.

The court concluded that plaintiff had shown a likelihood of success on the merits of its cause of action for infringement of the '372 patent.[2] *Id*. at 8. Accordingly, the court issued the following preliminary injunction: "[d]efendant, and any acting in concert with it, is restrained and enjoined from manufacturing, using, offering for sale, or selling within the United States, or importing into the United States the Accused Product or any product incorporating the Accused Product." *Id*. at 32.

Moreover, in its order issuing a preliminary injunction, the court also granted defendant's counsel's renewed motion to withdraw. *Id*. at 30. Defendant's counsel "represented that defendant [was] unable to pay its invoices under its fee agreement with counsel." *Id*. at 31. The court observed that defendant "filed a declaration of its founder in support of counsel's renewed motion to withdraw stating that defendant is aware that it will 'automatically lose the case' if it is unable to timely secure substitute counsel."[3] *Id*. at 32 (quoting ECF No. 69 ¶ 5). As such, the court found "good cause in that defendant has consented to its counsel's withdrawal while aware of the potential consequences of that withdrawal," including default judgment. *Id*. Accordingly,

---

[2] The court determined that it "need not consider whether the '948 patent has also been infringed." ECF No. 74 at 8.

[3] "Corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also* Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.").

2

the court granted defendant's counsel's renewed motion to withdraw as defendant's counsel of record, and defendant's counsel was terminated on June 16, 2025. *See id*. at 33; ECF No. 77.

In August 2025, the court denied without prejudice defendant's motion for default judgment. ECF No. 91. Thereafter, defendant moved to strike defendant's answer and for the court to direct the Clerk of Court to enter default against defendant. ECF No. 95. The court held a hearing for this motion on October 21, 2025. ECF No. 98. While defendant was not represented by counsel at this hearing, its CEO and founder, Christopher Laudando, appeared in his individual capacity. *Id*. Mr. Laudando confirmed that defendant will not "secure replacement counsel" and that he is "cognizant of the fact" that default will be entered if defendant does not retain new counsel. *See* ECF No. 103 at 4-5.

Two days after the hearing, the court issued a written order granting plaintiff's motion to strike defendant's answer. ECF No. 99. The court noted that defendant has been unable "to retain counsel and, under Local Rule 183, is not permitted to represent itself." *Id*. at 3. As such, the court found that defendant "has effectively failed to defend against plaintiff's claims in this litigation." *Id*. Accordingly, the court struck defendant's answer and directed the Clerk of Court to enter default against defendant. *Id*. at 4-5. On that same day, the Clerk of Court entered default against defendant. ECF No. 100.

Plaintiff now moves for default judgment. ECF No. 101. It seeks only a permanent injunction. *Id*. at 19.

## Legal Standard

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

I.      Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

The first *Eitel* factor—prejudice to plaintiff—weighs in favor of default judgment. Because defendant has not retained counsel to defend itself against plaintiff's claims, "default judgment is the only means available for compensating" plaintiff for defendant's patent infringement.  *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

The merits of plaintiff's substantive claims and the sufficiency of the complaint—the second and third *Eitel* factors—also weigh in favor of default judgment.  "The Ninth Circuit has suggested that [these] two *Eitel* factors . . . require that plaintiffs' allegations 'state a claim on which the plaintiff may recover.'"  *Kloepping v. Fireman's Fund*, No. 94-cv-2684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  The court already held that plaintiff established a likelihood of success on the merits of its cause of action for infringement of the '372 patent.  ECF No. 74 at 8-18.  After review of

4

the record and relevant case law, and for the reasons stated in the court's prior order, I find that plaintiff's allegations "state a claim on which [plaintiff] may recover." *See Danning*, 572 F.2d at 1388; *id*.

The sum of money at stake in this action—the fourth *Eitel* factor—also weighs in favor of default judgment. Plaintiff does not seek any monetary damages; it seeks only a permanent injunction. *See* ECF No. 101-1 at 17. Other courts have found that, where a plaintiff seeks only injunctive relief, "this factor favors granting default judgment." *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The remaining *Eitel* factors also weigh in favor of default judgment. Accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Moreover, defendant's default was not entered due to excusable neglect. On the contrary, the Court of Appeals has found default judgment "perfectly appropriate" where, as here, a corporate entity fails to retain counsel. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Lastly, although decisions on the merits are favored, such a decision is impossible where, as here, defendant declines to participate in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008).

Accordingly, consideration of the *Eitel* factors supports the finding that plaintiff is entitled to default judgment.

II.    Permanent Injunction

Plaintiff seeks a permanent injunction. The Supreme Court has held:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

5

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  I consider the *eBay* factors in turn.

First, plaintiff alleges that defendant's infringement of the '372 patent "has caused and continues to cause irreparable harm to Carbon in the form of loss of business opportunities, lost sales, loss of market share, loss of goodwill and the loss of Carbon's exclusive right to practice its inventions."  ECF No. 46 ¶ 156.  Other courts have found well-pleaded allegations sufficient to satisfy this first factor.  *See Area 55, Inc. v. Celeras LLC*, No. 09-cv-2755-H-NLS, 2011 WL 1375307, at *4 (S.D. Cal. Apr. 11, 2011).  Moreover, in granting a preliminary injunction, the court found that "plaintiff has met its burden to show that it will suffer irreparable harm absent injunctive relief on the basis that it has shown that it will suffer a loss of market share."  ECF No. 74 at 28.  Lastly, it bears mention that, since the preliminary injunction issued, plaintiff alleges that defendant has made "social-media posts suggest[ing] that [it] is continuing to develop the Accused Product in anticipation of a sale" and publicly provided the source code for the Accused Product to third parties.  *See* ECF No. 101-1 at 20-21.  For these reasons, the first factor is satisfied.

Second, in granting the preliminary injunction, the court already found that monetary damages would be inadequate to compensate for plaintiff's injury.  *See* ECF No. 74 at 26.  Specifically, the court found "defendant appears insolvent and would be unable to pay damages at the conclusion of this action should plaintiff prevail."  *See id*. at 28.  Other courts have found that the second *eBay* factor weighs in favor of injunctive relief where, as here, a defendant "cannot afford legal counsel to weigh the merits of the Complaint or satisfy any monetary awards if the Complaint is pursued."  *See Nutramax Lab'ys, Inc. v. Body Wise Int'l, Inc.*, No. 18-cv-2076-DOC-KES, 2019 WL 3210095, at *6 (C.D. Cal. Apr. 10, 2019).  Accordingly, the second factor is satisfied.

Third, the court already found that the balance of hardships favors injunctive relief because "plaintiff would otherwise suffer irreparable harm."  *See* ECF No. 74 at 28.  To the extent that a permanent injunction will harm defendant's business, the court recognized that "[t]he Federal Circuit has explicitly held that the fact that an injunction against the sale of an infringing product would put an infringer out of business 'cannot justify denial of that

injunction.'" *See id*. at 28 (quoting *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1996)).  Accordingly, the third factor is satisfied.

Lastly, the public interest would not be disserved by a permanent injunction.  On the contrary, as the court previously held, "there is a public interest in protecting valid patent rights." *See* ECF No. 74 at 29.  Indeed, "the public has an interest in preventing products that infringe on U.S. patents from entering the U.S. market."  *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-5561-EJD, 2020 WL 5847505, at *7 (N.D. Cal. Sept. 30, 2020).  Thus, the fourth factor is satisfied.

Accordingly, because all four *eBay* factors are satisfied, I recommend that the court issue a permanent injunction.  As noted, the court entered the following preliminary injunction: "[d]efendant, and any acting in concert with it, is restrained and enjoined from manufacturing, using, offering for sale, or selling within the United States, or importing into the United States the Accused Product or any product incorporating the Accused Product."  ECF No. 74 at 32.

In addition to seeking a permanent injunction on the same terms as the preliminary injunction, plaintiff also proposes two new sets of terms.  First, plaintiff asks for a permanent injunction prohibiting defendant from "offering to sell or selling within the United States . . . a component of the Accused Product that is a material part of the invention, that is especially made or especially adapted for use in an infringement of the Asserted Patents, and that is not a staple article or commodity of commerce suitable for substantial noninfringing use."  ECF No. 101-1 at 27-28.  Second, plaintiff requests a permanent injunction that prohibits defendant "from engaging in any activity—including promoting, advertising, advising, consulting, instructing, directing, and marketing—that induces others to make, use, offer for sale, or sell within the United States, or import into the United States, the Accused Product or any Product incorporating the Accused Product."  *Id*. at 27.

As an initial matter, there appears to be significant overlap between the terms of the preliminary injunction and plaintiff's first proposed set of terms regarding components of the Accused Product.  To the extent that defendant theoretically attempts to sell components of the Accused Product in the United States, such activity would seemingly violate the court's order that

7

defendant not "offer[] for sale . . . within the United States . . . the Accused Product or any product incorporating the Accused Product." *See* ECF No. 74 at 32.

However, to the extent that plaintiff's first proposed set of terms is not duplicative, it and the second set of terms should be rejected because plaintiff's additional language goes beyond the scope of the first amended complaint and the preliminary injunction. In the operative complaint, plaintiff requests a permanent injunction prohibiting defendant "from further infringement of" its patents. ECF No. 46 at 55. There is no request, however, for a permanent injunction prohibiting defendant from engaging in activities that can be characterized as "inducing" others to infringe plaintiff's patents, including by selling a component of the Accused Product.

Plaintiff's new requests appear to stem from defendant allegedly having (1) made the Accused Product's source code publicly available and (2) assisted third parties with infringing on plaintiff's patents; both such allegations, however, appear to have been made for the first time in plaintiff's motion for default judgment. *See* ECF No. 101-1 at 21-22. At minimum, the court did not consider such allegations when it issued a preliminary injunction because they did not constitute the crux of the dispute. *See generally* ECF No. 74.

Rather, the focus of the first amended complaint and the court's order are squarely on defendant's actions in manufacturing and selling the Accused Product. A motion for default judgment is not the proper place to expand that scope. Accordingly, I recommend that the court issue a permanent injunction only on the terms of the preliminary injunction.

### Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 101, be GRANTED.

2. Defendant, and any acting in concert with it, be permanently restrained and enjoined from manufacturing, using, offering for sale, or selling within the United States, or importing into the United States, the Accused Product or any product incorporating the Accused Product.

3. The Clerk of Court be ordered to enter judgment accordingly close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

8

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    June 24, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE